UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 20-10713-MWF (RAOx) | **Date:** | October 28, 2021 |
| **Title** | Jane Doe No. 1 et al v. Daniel S. Fitzgerald | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: PLAINTIFFS' MOTION TO AMEND COMPLAINT [44]; PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION [58]

Before the Court are two requests:

The first is Plaintiffs' Motion for Leave to File its Second Amended Complaint ("SAC") (the "SAC Motion"), filed on August 18, 2021. (Docket No. 44). Defendant filed an Opposition on September 7, 2021. (Docket No. 52). Plaintiffs filed a Reply on October 4, 2021. (Docket No. 56). For the reasons discussed below, the Motion for Leave to Amend is **GRANTED**. Plaintiff has demonstrated good cause to file an amended complaint with additional Jane Does and additional causes of action.

The second is the Order to Show Cause regarding a preliminary injunction (Docket No. 67) that the Court issued after denying Plaintiffs' request for a TRO (Docket No. 58). Defendant filed his Opposition on October 8, 2021. (Docket No. 68). Plaintiffs filed a Reply on October 22, 2021. (Docket No. 70). For the reasons discussed below, the Motion for a Preliminary Injunction is **GRANTED** *in part*. Defendant will be enjoined during the pendency of this litigation from (1) publishing, posting, or otherwise publicly circulating information that personally identifies Plaintiffs, either by name or description; (2) directly or indirectly making any harassing or threatening communications to anyone directly connected with this lawsuit, including but not limited to Jane Doe Nos. 1-10, or any lawyers representing Jane Doe Nos. 1-10; and (3) maintaining less than 100 feet of physical distance between himself

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-10713-MWF (RAOx) | Date: October 28, 2021 |
| Title: Jane Doe No. 1 et al v. Daniel S. Fitzgerald | |

and any Jane Doe. Defendant is further enjoined from performing any of these actions through another person or by use of a subterfuge.

## I. BACKGROUND

This lawsuit was initially filed in November 2020 by Jane Doe Nos. 1-3, alleging that Defendant knowingly participated in an international sex trafficking venture by engaging in commercial sex acts with young women provided to him by his associate, Peter Nygard. (*See* Complaint (Docket No. 1)). In February 2021, Plaintiffs filed a First Amended Complaint ("FAC") adding Plaintiff Jane Doe No. 4. (Docket No. 21). The parties anticipated that additional Jane Does would come forward as the case progressed, so rather than file multiple amended complaints as each new Plaintiff joined, the parties entered into multiple stipulations to extend the time for Defendant to file a responsive pleading. (SAC Motion at 1). The stipulations were made with the expectation that the case would either be resolved or that Plaintiffs would file a SAC encompassing all Jane Does and Defendant would file a response to the SAC. (*Id.*)

On August 18, 2021 Plaintiffs sought leave from the Court to file their SAC. (Docket No. 44). Defendant admits that he previously agreed to Plaintiffs' filing of a SAC to the extent it added additional parties, but he opposes the SAC as filed because it not only adds six Jane Does, but also includes two additional claims for libel, omits previous facts, and omits a RICO claim alleged in the FAC. (SAC Opp. at 2).

Plaintiffs' added claims, however, are a result of Defendant's own putative conduct. The factual allegations supporting the proposed libel claims also support Plaintiffs' request for a preliminary injunction.

In or around June 2021, Defendant discovered the identify of three Jane Does: Jane Doe No. 4 added in the FAC and Jane Doe Nos. 5 and 6 to be included in the SAC. (PI Motion at 2). On July 9, 2021, Defendant, or someone acting at his express direction, posted offensive videos on YouTube that identified the three women, made disparaging allegations against these women, revealed the location of one woman, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV 20-10713-MWF (RAOx) | Date:  October 28, 2021 |
| Title:     Jane Doe No. 1 et al v. Daniel S. Fitzgerald | |

further included email addresses and Instagram pages as points of contact for others to come forward with information to support Defendant's defaming remarks.  (*Id*. at 3).

Specifically, Defendant's YouTube videos claim that Plaintiff(s) are an "evil prostitute," "serious drug addict," "devil worshiper," "sex trafficker," "fraud girls," "phony Jane Does," and further accuses the Jane Does of extorting and blackmailing men after engaging in sexual acts. (Reply at 1).  Furthermore, the videos allege that Plaintiffs' counsel are "crooked" and that their law firm pays women to lie to the FBI and to join this litigation for improper motives.  (*Id*.)

Then on July 20 and 21, 2021, Defendant allegedly approached the family of Jane Doe No. 5 in Cabo, Mexico.  (PI Motion at 5).  Defendant made disparaging attacks on Jane Doe No. 5's character, interrogated her family to seek information about her assets, and further made threats that indicated Jane Doe No. 5's safety was in danger.  (PI Motion at 5).  For example, Defendant stated that Jane Doe No. 5 should "be careful," "Mexico is a dangerous place," and that she is "making enemies" which is "not smart."  (*Id*.)

Later in July 2021, Defendant repeatedly located and followed Jane Doe No. 5 in Cabo, recording her and accusing her of lying about the lawsuit. (*Id*.)  Then Defendant, or someone acting at his direction, disseminated paper flyers throughout Cabo that included Jane Doe No. 5's name, photograph, height, weight, eye color, gender, Instagram account, a list of aliases, and accusations of criminal activity involving theft, blackmail, extortion, sex trafficking, and the sale of drugs. (*Id*.)  The flyer also included the names of Jane Doe Nos. 4 and 6. (*Id*.)  Defendant has been seen handing out the flyers on the beach in Cabo, and he has allegedly offered to pay others to hand out the flyers on his behalf.  (*Id*.)

Plaintiffs claim that on August 5, 2021, Defendant escalated his tactics to cause physical harm to Jane Doe No. 5.  (*Id*.)  While in Cabo, Defendant saw that Jane Doe No. 5 was surfing and paddled out to her location.  (*Id*.)  Jane Doe No. 5 requested that Defendant leave her alone, but instead of complying with her request, Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** October 28, 2021
**Title:**     Jane Doe No. 1 et al v. Daniel S. Fitzgerald

dropped into a wave directly in front of Jane Doe No. 5 and caused her to fall and injure her back. (*Id.*).

Additionally, after Plaintiffs filed their Motion seeking an injunction, Defendant, or someone acting at his direction, reposted the YouTube videos about Jane Does and their counsel – renaming one video "[Jane Doe No. 5] BEWARE FOR YOUR LIFE." (PI Reply at 2).

During the hearing, Defendant's counsel asserted that Plaintiffs' evidence was circumstantial and did not affirmatively demonstrate that Defendant was the perpetrator behind the creation of the YouTube videos, the social media accounts, or the flyer distributed in Mexico. This position has no merit. Defendant offered no evidence – not even his own testimony – to deny his involvement. Based on this record and under a preponderance of the evidence standard, the only possible conclusion is that Defendant perpetrated the harassing conduct.

Based on the record before the Court, the Court **FINDS** that Defendant, or someone acting at his express direction, created the YouTube videos and social media accounts disparaging Jane Does, created and dispersed flyers in Cabo, Mexico disparaging Jane Does, and harassed and threatened Jane Doe No. 5 and her family in Cabo, Mexico.

## II.    MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Federal Rule of Civil Procedure 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal quotation marks omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-10713-MWF (RAOx)          Date: October 28, 2021
Title:     Jane Doe No. 1 et al v. Daniel S. Fitzgerald

     Plaintiffs' SAC adds six additional Jane Does, adds two claims for libel, removes a RICO claim, and tailors the alleged facts to support these claims. (*See* Proposed SAC (Docket No. 44-3)). Defendant opposes this amendment, even though his counsel's prior communications conflict with this position. Indeed, as recent as August 9, 2021, counsel for Defendant stated, "if Plaintiffs wanted to file a second amended complaint, we believe that would be the next best step in this litigation." (SAC Reply at 2). Plaintiffs sought leave from the Court to file the SAC on August 18, 2021, but then on August 20, 2021, Defendant curiously filed a Motion to Dismiss the FAC, which conflicts with the parties' prior communications. (*See* SAC Reply at 2) (Defendant's counsel states "my recollection is that you planned on adding more plaintiffs and we would respond to that amended complaint."). Now Defendant opposes the SAC and instead asks the Court to rule on his Motion to Dismiss the FAC. (SAC Opp. at 2).

     Defendant argues that he initially agreed to the addition of more Plaintiffs in the SAC, but the addition of other claims and the altered narrative were made in bad faith. (SAC Opp. at 3). The Court disagrees. As additional Jane Does come forward, it is possible that additional information is discovered, and that such putative information may necessarily alter Plaintiffs' original allegations. Defendant's objections to the credibility of the allegations should not be addressed at this stage of the litigation. Furthermore, the libel claims are a direct result of Defendant's alleged conduct that occurred after filing the FAC.

     The Court is aware that Plaintiffs' SAC removed certain dates that may be relevant to a statute of limitations defense. (SAC Opp. at 3-4). Plaintiffs, however, claim this omission was done in the interest of protecting Plaintiffs' privacy. (SAC Reply at 6). Defendant argues that this omission in the SAC shows the amendment is futile, because the omission of certain dates should indicate to the Court that the claims are time-barred. (SAC Opp. at 4). The Court will wait to address whether the claims are time-barred when the issue is properly before the Court and the merits are fully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** October 28, 2021
**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

briefed. As Plaintiffs indicate in their Reply, equitable tolling arguments could make previously stated dates irrelevant. (SAC Reply at 9).

Defendant's remaining arguments that the amendment is unduly delayed and prejudicial are also unconvincing. As stated previously, Defendant was aware that Plaintiffs planned to file a SAC and Defendant's counsel's communications even encouraged it. Also, this case is still in the pleading stage and discovery has not yet commenced. Therefore, to the extent there was any delay, Defendant is not prejudiced.

Defendant shall file a response to the SAC by **November 15, 2021.**

## III. MOTION FOR A PRELIMINARY INJUNCTION

Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates"); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ( "[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.").

"[A] district court has the inherent power to issue an injunction against litigants who harass their opponents." *Yates v. Belli Deli*, No. C 07-01405 WHA, 2007 WL 2318923, at *3 (N.D. Cal. Aug. 13, 2007) (citing *De Long*, 912 F.2d at 1147); *see also Lewis v. S. S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976) ("Injunctive relief, where warranted, can be a useful tool to aid a court in controlling the conduct of litigants."). However, "an order imposing an injunction 'is an extreme remedy, and should be used only in exigent circumstances.'" *De Long*, 912 F.2d at 1147 (quoting *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

Courts may issue an injunction over conduct that is directly related to the lawsuit. *See Myart v. Taylor*, No. SA 5:16-CV-736-DAE, 2016 WL 5376227, at *4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** October 28, 2021
**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

(W.D. Tex. Sept. 26, 2016) (concluding that the court has jurisdiction to prohibit a party's threatening and harassing conduct towards the other parties because the conduct was "directly related to the instant suit."); *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005) (upholding a portion of the district court's injunction prohibiting Defendant "from threatening or harassing [Plaintiff], its employees, its staff, [Plaintiff's] counsel, counsel's employees, or counsel's staff.").

     Here Defendant argues that each Plaintiff must present individual evidence to support the requested injunction because each Plaintiff must demonstrate individual standing to seek injunctive relief. (PI Opp. at 4). Defendant's argument fails for multiple reasons: First, Defendant has publicly attacked the only three women whose identifies he has ascertained. Under Defendant's theory, the Court should remain on call to repeatedly enjoin Defendant's conduct only after he attacks individual Jane Does in a public forum – all of whom are alleged sex trafficking survivors. Second, Defendant's harassing conduct is already applicable to all Jane Does. *See*, *infra* Part I (broadly claiming that "phony Jane Does" are participating in illegal activity). And finally, Defendant misstates the Court's inherent power to control the conduct of litigants who appear before them. The Court can enjoin Defendant from harassing conduct without individual showings of injury if the conduct is directly related to the lawsuit. *See Singh*, 428 F.3d at 580 (upholding a portion of an injunction that protected the Appellee, its counsel, and its employees without conducting individual standing inquiries).

     Defendant's YouTube videos attacked the character and credibility of the only three Plaintiffs whose identities have been revealed to Defendant. Defendant apparently has physically approached Jane Doe No. 5 and her family to antagonize her for joining the lawsuit. And Defendant has also attacked the credibility and intentions of Plaintiffs' counsel.

     Because the Court concludes that Defendant's harassing conduct is directly related to Plaintiffs' allegations against him in this case, the Court has jurisdiction to consider Plaintiffs' request for injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** October 28, 2021
**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

### A. Preliminary Injunction Standard

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions, and courts apply the same standards to both. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking injunctive relief must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest. *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)).

A plaintiff must "make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit employs the "serious questions" version of the "sliding scale" approach when applying the four-element *Winter* test. *Id.* at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

### 1. Likelihood of success on the merits

Here, the "merits" do not refer to Plaintiffs' underlying claims but rather Plaintiffs' ability to establish harassment that justifies injunctive relief. *Jeffrey Katz Chiropractic, Inc. v. iBeat, Inc.*, No. 20-CV-02097-RS, 2020 WL 4459122, at *2 (N.D. Cal. May 26, 2020) (citing *United Artists Corp. v. United Artist Studios LLC*, No. CV 19-828-MWF (MAAX), 2019 WL 6917918, at *8 (C.D. Cal. Oct. 17, 2019)).

"The First Amendment generally prevents government from proscribing speech, or even expressive conduct, because of disapproval of the ideas expressed." *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382 (1992) (internal citations omitted). These free speech protections are particularly strong with regard to prior restraints, or "administrative and judicial orders forbidding certain communications when issued in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** October 28, 2021
**Title:**     Jane Doe No. 1 et al v. Daniel S. Fitzgerald

advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (quoting M. Nimmer, *Nimmer on Freedom of Speech* § 4.03, 4–14 (1984)); *see Singh*, 428 F.3d at 597 ("Prior restraints are unconstitutional limitations on free speech except in exceptional circumstances.").

However, Courts have determined that harassing conduct falls into a narrow exception to the First Amendment's general prohibition against prior restraints and content-based restrictions on speech. *Singh*, 428 F.3d at 580. In other words, harassing speech is not protected speech. As the Fifth Circuit has observed:

> Courts have made a distinction between communication and harassment. *See, e.g., Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502, 69 S. Ct. 684, 93 L.Ed. 834 (1949). The difference is one between free speech and conduct that may be proscribed. *See, e.g., R.A.V. v. City of St. Paul*, 505 U.S. 377, 389, 112 S. Ct. 2538, 120 L.Ed. 2d 305 (1992). Although restrictions based upon conduct may incidentally restrict speech, the courts have found that such a restriction poses only a minimal burden on speech.... Thus, courts do have the power to enjoin harassing communication. *Lewis v. S.S. Baune*, 534 F.2d 1115, 1122 (5th Cir. 1976) (citations omitted). Courts also have the power to enjoin repeated invasions of privacy. *Id.*

*Id*.

"When determining whether to enjoin a litigant's harassing conduct, federal district courts may look to state substantive law on harassment but apply the federal procedural rules under Federal Rule of Civil Procedure 65." *Katz Chiropractic*, 2020 WL 4459122, at *2.

California Code of Civil Procedure section 527.6(b)(3) defines harassment as:

> a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must

**CIVIL MINUTES—GENERAL**         9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-10713-MWF (RAOx) | Date: October 28, 2021 |
| Title: Jane Doe No. 1 et al v. Daniel S. Fitzgerald | |

be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

Plaintiffs present sufficient evidence that Defendant has engaged in harassing conduct. Defendant has not denied his involvement in the creation of the YouTube videos, the social media accounts, or the flyer distributed throughout Cabo, which all identify Jane Doe Nos. 4-6 and make highly personal attacks against them. Defendant is the only common link amongst these three women, as they are not all alleged victims of Peter Nygard, but they are all alleged victims of Defendant. (PI Motion at 10).

Additionally, with respect to Jane Doe No. 5 and based on the record before the Court, Defendant has approached her family with the intent to intimidate her, followed and recorded her, and put her in physical danger while surfing. Defendant also reposted a YouTube video after Plaintiffs filed this Motion with a new title that incorporates Jane Doe No. 5's name: "[Jane Doe No. 5] BEWARE FOR YOUR LIFE!" This new title could be interpreted as an additional threat to Jane Doe No. 5's safety.

The YouTube videos, the social media accounts, the flyer distributed throughout Mexico, and Defendant's conduct toward Jane Doe No. 5, each fall within California's definition of harassment. Therefore, they are not granted protections under the First Amendment.

In the context of this case, Defendant's actions are particularly troublesome because his attacks are aimed at alleged sex trafficking survivors. Defendant's public campaign to harass and disparage the reputations of Jane Doe Nos. 4-6 could deter other victims from coming forward.

Defendant's stated purpose behind his conduct is to identify witnesses and mount a defense to Plaintiffs' claims. (PI Opp. at 8). Defendant will still be able to do this under the requested injunction, as it is unnecessary to publicly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-10713-MWF (RAOx) | Date: October 28, 2021 |
| Title: Jane Doe No. 1 et al v. Daniel S. Fitzgerald | |

smear the reputations of Jane Does or threaten their safety when gathering information to support Defendant's position. Indeed, Plaintiffs have already agreed to reveal the identities of all Jane Does at the appropriate time in discovery so Defendant can fully investigate the claims against him without prejudice. (PI Motion at 12). However, the Court will not permit Defendant to continue a public campaign to harass Jane Does and reveal their identities to the general public.

The Court concludes that Defendant's conduct qualifies as harassment and, therefore, the first prong of the *Winter* analysis weighs in favor of Plaintiffs.

### 2. Irreparable Harm

A plaintiff seeking a preliminary injunction must establish that "he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Suffering irreparable harm prior to a determination of the merits is "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction." 11A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948.1 (3d ed. 2016). Further, the harm identified may not be speculative and Plaintiff must also show more than the possibility of some remote further injury. *Winter*, 555 U.S. at 21-22 (rejecting "possibility" standard and holding that plaintiffs must "demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis in original).

Plaintiffs have demonstrated that irreparable injury is likely in the absence of an injunction. Defendant's revelation of Jane Doe Nos. 4-6's identities as sex trafficking victims, compounded by Defendant's personal attacks on their character and credibility, is harm that is irreparable. Moreover, Defendant's chosen form of publication guarantees that future injury is likely because the harm is recreated each time someone new views the YouTube videos or social media accounts. Additionally, at the conclusion of the YouTube videos, the narrator states that "more information will be released soon on social media," which indicates that Defendant will publish additional information that identifies and disparages Plaintiffs if the Court does not enjoin Defendant's conduct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** October 28, 2021
**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

For these reasons, the Court concludes that irreparable harm is likely absent the issuance of an injunction.

### 3. Balance of Equities and Public Interest

A court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24.

The Court's three-part injunction is narrowly tailored to avoid undue hardship to Defendant:

***First***, prohibiting Defendant from publishing, posting, or otherwise publicly circulating Plaintiffs' personally identifiable information is required to protect the highly sensitive nature of Plaintiffs' claims, which is a measure that numerous other courts have adopted to protect victims in special circumstances. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (granting anonymity "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."); *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.").

Additionally, the Defendant will learn the identities of all Plaintiffs when discovery commences.  Defendant can fully investigate the sufficiency of Plaintiffs' allegations without publishing, posting, or publicly circulating Plaintiffs' identifiable information.  This limit on disclosure still protects Plaintiffs from public invasion of personal privacy while maintaining fairness in the litigation.

***Second***, prohibiting Defendant from directly or indirectly making any harassing or threatening communications to anyone directly connected with this lawsuit will not prejudice Defendant.  This will not prevent Defendant from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10713-MWF (RAOx)          Date:  October 28, 2021
Title:     Jane Doe No. 1 et al v. Daniel S. Fitzgerald

communicating with his counsel, nor will it prevent Defendant's counsel from communicating with Plaintiffs' counsel.  Also, Defendant can express his views on the case so long as he does so without personally harassing Plaintiffs, their counsel, or anyone directly linked to the lawsuit.  This will not infringe on Defendant's First Amendment rights because, as discussed, harassing speech is not protected speech.

*Third*, requiring Defendant to remain at least 100 feet away from any Plaintiff will ensure the physical safety of all Jane Does.  There is no legitimate reason for Defendant to physically approach any Plaintiff, especially when they are each alleged victims of his sexual abuse.

The Court will not require Defendant to travel back to Mexico to destroy the flyers, as Plaintiffs request, because that will place an undue burden on Defendant.  Instead, Plaintiffs are free to collect and destroy the flyers if they wish.  Further, the Court will not compel Defendant to make a public apology as requested in Plaintiffs' Reply.  (PI Reply at 15).  Such a request would infringe on Defendant's First Amendment rights. *See Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 61, 126 S. Ct. 1297 (2006) ("Some of this Court's leading First Amendment precedents have established the principle that freedom of speech prohibits the government from telling people what they must say.").

Lastly, an injunction here is in the public interest because it will protect the fair administration of justice and ensures that Plaintiffs, potential Plaintiffs, and members of Plaintiffs' legal team can participate in the lawsuit without fear of harassment or intimidation.

## IV.  **CONCLUSION AND BOND**

Based on the analysis above, the Court concludes that a three-part preliminary injunction is a narrowly tailored remedy that is warranted.  Defendant will be enjoined during the pendency of this litigation from (1) publishing, posting, or otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 20-10713-MWF (RAOx) | **Date:** October 28, 2021 |
| **Title:** | Jane Doe No. 1 et al v. Daniel S. Fitzgerald | |

publicly circulating information that personally identifies Plaintiffs, either by name or description; (2) directly or indirectly making any harassing or threatening communications to anyone directly connected with this lawsuit, including but not limited to Jane Doe Nos. 1-10, or any lawyers representing Jane Doe Nos. 1-10; and (3) maintaining a physical distance of less than 100 feet from Plaintiffs.

The YouTube videos and social media accounts referenced in this Order are in violation of this injunction and the Court **ORDERS** Defendant to remove them immediately.

Federal Rule of Civil Procedure 65 provides that the Court "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." Fed. R. Civ. P. 65(c). Plaintiffs ask that the Court determine no bond is appropriate, or alternatively, that the bond required is no greater than $1,000 to conform with bonds of a similar nature. (PI Motion at 14) (citing *Myart*, 2016 WL 5376227 at *5).

The Court **ORDERS** Plaintiff to post a $1,000 bond as security for the issuance of the preliminary injunction. The Preliminary Injunction shall be issued separately.

IT IS SO ORDERED.

cc: Fiscal Dept.