BRANDON TAKAHASHI (SBN 248883)
btakahashi@tallbridgelegal.com
**TALLBRIDGE LEGAL, P.C.**
4223 Glencoe Ave, Ste A220,
Marina del Rey, CA 90292-5671
Telephone:  (323) 741-6500

ERNEST EDWARD BADWAY
EBadway@FoxRothschild.com
(Admitted *pro hac vice*)
**FOX ROTHSCHILD LLP**
101 Park Ave., 17th Floor
New York, NY 10178
Telephone:  (212) 878-7900
Facsimile:   (212) 692-0940

Attorneys for Defendant,
DANIEL S. FITZGERALD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE NOS. 1-4,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>DANIEL S. FITZGERALD,<br><br>　　　　Defendant. | Case No. 2:20-CV-10713-MWF-RAO<br><br>Honorable Michael W. Fitzgerald<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Complaint Filed:　November 24, 2020<br>Trial Date:　　　None Set |

127727833.2

Defendant Fitzgerald submits this memorandum in support of his motion for reconsideration of the Court's orders issuing a Preliminary Injunction (Doc. 73) and granting leave for all Plaintiffs to proceed anonymously/motion for protective order (Doc. 67).

## LEGAL STANDARD

"In this district, motions for reconsideration are governed by Local Rule 7-18," *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008), affirmed by, 692 F.3d 983 (9th Cir. 2012), which states:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18.  "Whether to grant a motion for reconsideration under Local Rule 7–18 is a matter within the court's discretion." *Milton H. Greene Archives, Inc.*, 568 F. Supp. 2d at 1162.

## ARGUMENT

**I.  THE COURT SHOULD RECONSIDER ITS RULING ON THE PRELIMINARY INJUNCTION.**

Reconsideration of entry of the Preliminary Injunction is warranted for at least two reasons recognized under Local Rule 7-18.  Initially, there is a material difference in the facts considered by the Court on Plaintiffs' initial motion and the facts contained herein.  As explained in Defendant's counsel's colloquy with the Court at the hearing, Defendant did not submit a declaration or other evidence because Plaintiffs' motion facially did not provide sufficient evidence to satisfy their threshold burden for

extraordinary injunctive relief—particularly where the only evidence was submitted by persons who were not yet parties to the case. Since the Court found that Plaintiffs' evidence was not controverted, Defendant now submits his declaration and associated evidence with this motion so that the Court is not left with the "only possible conclusion" that Defendant has harassed any Plaintiff. (Doc. 72 at 4).[1]

As shown in the Fitzgerald Declaration, Defendant did not create the YouTube videos and does not own, operate, or control the YouTube channels where the videos were uploaded. (Fitz. Decl. ¶ 4)  Similarly, Defendant does not own or control the social media accounts and did not create the content posted. (*Id*. at ¶ 6)  Nor did Defendant instruct the person or persons who created the videos or social media posts, or who control the channels or accounts, to post that content to the internet. (*Id*. at ¶¶ 4, 6).

Defendant does not have the ability to control what is posted on a YouTube channel or an Instagram account that are not his. (*Id*. at ¶¶ 4, 6)  However, notably, while Plaintiffs represented to the Court that the videos were up and causing continuing harm, the videos were actually taken down a month before the hearing on the preliminary injunction. (*Id*.)  While Defendant cannot control whether these videos are reposted, Plaintiffs' mere speculation that the videos would be reposted is simply not sufficient to support the issuance of an injunction. *See O'Shea v. Littleton*, 414 U.S. 488, 495–496 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."); *Hernandez v. Cty. of Monterey*, 110 F. Supp. 3d 929, 942 n.76 (N.D. Cal. 2015) ("[T]here must be <u>proof</u> of an ongoing or future problem which will not be remedied absent an injunction; <u>speculation or possibility is not enough</u>." (emphasis added)).

---

[1] Additionally, the Court should reconsider the issuance of an injunction to the extent it relied in any way on "evidence" that was not in the record. For instance, the Civil Minutes indicated that the Court accepted mere allegations that Defendant caused Jane Doe No. 5 to fall while surfing. (Doc. 73 at 3-4). Those allegations appear in Plaintiff's motion—but nowhere in the declarations.

Moreover, Jane Doe No. 5's declaration asserting that Defendant "harassed" her and her family in Cabo is simply false. (*Id*. at ¶¶ 7-9). Rather than harassing Jane Doe No. 5, the contrary is true—Jane Doe No. 5 has actually harassed Defendant by making a false report to Mexican police authorities causing Defendant to be detained and interrogated (though not charged, because there were no merit to the false allegations). (*Id*. at ¶ 10). At a minimum, these conflicting accounts of what happened in Cabo make injunctive relief inappropriate—it is Plaintiffs' burden to prove entitlement to extraordinary relief.

Plaintiffs' premise that Defendant was involved in posting videos and social media content about Jane Doe No. 5 as a response to finding out that she joined this lawsuit is also false. Defendant has known of Jane Doe No. 5's participation for over a year because she admitted that she had been secretly recording Defendant and sending information to Plaintiffs' attorneys. (*Id*. at ¶ 12).

Should any injunctive relief be appropriate, it would be to prevent Jane Doe No. 5's systematic harassment and defamation of Defendant. Jane Doe No. 5 has posted numerous social media posts, in both text and video form, identifying Defendant and making false statements. (*Id*. at ¶ 13). In fact, her social media campaign goes beyond mere defamation—she has threatened Defendant and incited others to threaten Defendant. For example, she posted an exchange with a person who offered to "have my friends look for" Defendant in Mexico, and another offer to "[g]et [Defendant] to come to Hawaii and I'll make him disappear." (*Id*. at ¶¶ 14, 15). Defendant has received numerous direct comments and threatening messages as a direct result of Jane Doe No. 5's conduct.

Further, the propriety of an injunction is further undermined by the motivations of the Plaintiffs. For example, Defendant has uncovered some evidence that some individuals participating in the lawsuits directed by Plaintiffs' attorneys have been offered and/or paid more than $10,000 for their participation, or offered pro bono

3

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

127727833.2

assistance with other legal matters in exchange for participating. (*Id*. at ¶ 18). In fact, Jane Doe No. 5 stated to Defendant that she also believed that certain individuals were being paid for their participation. (*Id*. at ¶ 19). Of course, since Plaintiffs are proceeding anonymously, Defendant is unable to match up his evidence to the identities of the current Plaintiffs—but the very possibility is reason enough to question the likelihood of success of these Plaintiffs' claims, and, therefore, the basis for the preliminary injunction.

Accordingly, the Court should reconsider and deny Plaintiffs' motion for preliminary injunction.

## II. THE COURT SHOULD RECONSIDER ITS RULING ON THE MOTION TO PROCEED ANONYMOUSLY AND COMPEL JANE DOE NO. 5 TO PROCEED UNDER HER REAL NAME.

Additionally, the Court should reconsider its ruling that all Plaintiffs are permitted to proceed anonymously and compel Jane Doe No. 5 to proceed using her own name. Defendant did not have an opportunity to submit any evidence or argument in opposition to the motion. Plaintiffs filed the motion to proceed anonymously on October 7, 2021. (Doc. 57) However, the Court issued a ruling on the motion only five days later, on October 12, 2021, (Doc. 67), before the period when Defendant could respond had expired. Thus, Defendant did not have an opportunity to present his opposition, and there is a material difference in the facts presented to the Court solely by Plaintiff and the facts presented in this motion.

As shown in the Fitzgerald Declaration, Jane Doe No. 5 has publicly announced her participation in this lawsuit on her social media to more than 137,000 followers. (Fitzgerald Declaration at ¶ 16 and at Exhibit 2).

Doe No. 5's own public disclosure of her participation as a plaintiff in this action eliminates any basis to warrant deviation from the general rule permitting open access to judicial proceedings. *See United States v. Hiramanek*, No. 17-CV-03392-BLF, 2017

4

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

127727833.2

WL 5972604, at *3 (N.D. Cal. Nov. 30, 2017) (denying motion to proceed anonymously where respondent was already involved in other similar proceedings using his real name); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 268 (E.D. Tex. 2007) (denying motion to proceed anonymously where plaintiff had disclosed facts underlying claims to others); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying motion to proceed anonymously where plaintiff's name was already known by the press). Jane Doe No. 5 simply cannot claim any right to privacy, or supposed harm, in publicly participating in a civil case in her own name where she has announced her participation on numerous occasions to more than 137,000 people.

Of course, Defendant reiterates his argument that none of the Plaintiffs have established, with actual evidence, a basis to proceed anonymously *in a civil case that they brought* and have alleged extreme allegations that have harmed Defendant's reputation (and been amplified by Plaintiffs' counsel through the press). *See Beaumont Indep. Sch. Dist.*, 240 F.R.D. at 268 (permitting plaintiff to proceed anonymously making accusations of sexual molestation that harmed defendant's reputation in a civil matter would be fundamentally unfair); *Shakur*, 164 F.R.D. at 361 (alleged victim of sexual assault could not proceed anonymously because (1) he chose to initiate the lawsuit, (2) it was a civil action, not a criminal matter, (3) the plaintiff publicly accused a media celebrity of assault and proceeding anonymously would be fundamentally unfair, and (4) it would defeat public right of access to court proceedings).

Basic fairness should require all Plaintiffs to stand behind these allegations, because otherwise Defendant is "placed at a serious disadvantage, for [he is] required to defend [himself] in the public arena while [Plaintiffs can] hurl accusations at [him] from behind 'a cloak of anonymity.'" *Beaumont Indep. Sch. Dist.*, 240 F.R.D. at 267–68. That fairness requirement is particularly necessary here, where certain Plaintiffs and Plaintiffs' counsel have taken to trying their case on social media and in the press. (Fitz. Decl. at ¶¶ 13, 20). Based on this Court's current order, Plaintiffs and their

attorneys are able to affect the jury pool and create improper inferences from the cloak of anonymity, while Defendant must suffer every false accusation that Plaintiffs repeat on this docket, on social media, and in video and print.

However, even if the Court does not accept the fundamental unfairness regarding the other Plaintiffs, Jane Doe No. 5 has waived any argument that she must remain anonymous even in pre-trial proceedings because she herself has made her identity and association with this lawsuit public. Therefore, the Court should reconsider its prior order and require her to proceed under her real name.

## CONCLUSION

For the foregoing reasons and other reasons to be discussed at any hearing in this matter, the Court should reconsider its prior order issuing a Preliminary Injunction (Doc. 73) and its order permitting Plaintiffs to proceed anonymously for pre-trial proceedings (Doc. 67).

Dated:  November 4, 2021                Respectfully submitted,

**FOX ROTHSCHILD LLP**

 */s/ Ernest Edward Badway*
ERNEST EDWARD BADWAY

Attorneys for Defendant