BRANDON TAKAHASHI (SBN 248883)
btakahashi@tallbridgelegal.com
TALLBRIDGE LEGAL, P.C.
4223 Glencoe Ave, Ste A220,
Marina del Rey, CA 90292-5671
Telephone: (323) 741-6500

ERNEST EDWARD BADWAY
EBadway@FoxRothschild.com
(Admitted pro hac vice)
FOX ROTHSCHILD LLP
101 Park Ave., 17th Floor
New York, NY 10178
Telephone: (212) 878-7900
Facsimile: (212) 692-0940

Attorneys for Defendant,
DANIEL S. FITZGERALD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE NOS. 1-10,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DANIEL S. FITZGERALD,<br><br>　　　　Defendant. | Case No. 2:20-CV-10713-MWF-RAO<br><br>Honorable Michael W. Fitzgerald<br><br>**DEFENDANT'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR RECONSIDERATION**<br><br>Complaint Filed:　November 24, 2020<br>Trial Date:　　　　None Set |

128630889.2

Defendant respectfully submits this reply in further support of his motion for reconsideration (Doc. 76).

## I. RECONSIDERATION IS APPROPRIATE.

Despite Plaintiffs argument otherwise, Defendant's request for reconsideration is appropriate to ensure that the Court has the full evidentiary record to base the extraordinary remedy of a mandatory preliminary injunction as well as the application of the appropriate standard.

Plaintiffs bore the initial heavy burden of demonstrating not just a facial likelihood of success, but that the "facts and law <u>clearly favor</u>" them. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (discussing standard for mandatory injunction) (emphasis added). Defendant argued that Plaintiffs had not even carried their threshold burden under the lesser standard in demonstrating that Defendant posted the videos or social medial posts that ultimately served as the basis for the Court's injunction order. (Doc. 93-1, Prelim. Inj. Tr. 9:16-10:4). The Court, ultimately, concluded that Plaintiffs had shown a likelihood of success because it only had evidence from the Plaintiffs. (Doc. 72, Civil Minutes at p. 8).

Nonetheless, the Court noted that "if [Defendant] ever wishes to come forward with other evidence, including his own testimony that is not in the case, then I – then that may, the standard is high under Ninth Circuit law and the local rules, but nonetheless, <u>that may be a basis for reconsideration</u>." Doc. 93-1 (Prelim. Inj. Hearing Tr. 11:6-10 (emphasis added)).

Defendant responded to the Court's statement. The declarations of Defendant (Doc. 78-1 ¶ 4) and of John Doe (Doc. 108-2, ¶ 17), unequivocally show that Defendant did not post these videos or social media posts. Moreover, Defendant could not <u>compel</u> a declaration from the third-party, who actually created and posted the videos at the time of the injunction hearing. Rather, due to the fear of retribution expressed by John Doe, (Doc. 108-2, ¶ 15), Defendant has only recently been able to secure his testimony.

Given that this testimony is dispositive of the issue, the Court should consider it on reconsideration.

Moreover, reconsideration is particularly appropriate where the Court applied a lesser standard to the injunction by permitting Plaintiffs to make out their case on inferences. (Doc. 93-1, Prelim. Inj. Hearing Tr. 10:12-17 ("But the fact is, it is a reasonable inference from the record as it stands before me…"). Plaintiffs sought, and the Court granted, a mandatory injunction that required Defendant to act regarding these videos.  A mandatory injunction "orders a responsible party to take action", that "goes well beyond simply maintaining the status quo pendente lite and is particularly disfavored." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quotations omitted). Thus, a district court considering a mandatory injunction "should deny such relief unless the facts and law <u>clearly favor</u> the moving party.'" *Id*. (emphasis added). "In plain terms, mandatory injunctions should not issue in doubtful cases." *Id*.

Here, the Court did not include the standard it relied upon in the actual injunction. (*See* Doc. 73).  However, in the associated civil minutes, the Court appears to have applied the "likelihood of success" standard.  (Doc. 72, Civil Minutes at p. 8). Application of a lesser standard is a basis for reconsideration.  *See Garcia*, 786 F.3d at 740 (9th Cir. 2015) ("Because Garcia seeks a mandatory injunction, she must establish that the law and facts clearly favor her position, not simply that she is likely to succeed.").  Applying this higher standard is particularly critical here because, as forecast in the initial opposition and at the injunction hearing, ordering Defendant to take down videos or otherwise control social media channels that he does not control poses the risk of an inadvertent violation for the acts of another.  Of course, that is precisely what happened, and the entire basis for Plaintiffs' motion for contempt.

Notably, Plaintiffs continue to suggest that any connection between Defendant and the videos or social media posts necessarily makes Defendant responsible for the posting of such material. (*E.g.*, Doc. 92 at p. 6).  However, as explained in Defendant's

2
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

128630889.2

response to the motion for contempt and the Declaration of John Doe (Doc. 108-2, ¶ 9, 13), even if Defendant was *connected* with the underlying information that was used in the videos *does not mean Defendant made those videos public*—the basis of the preliminary injunction (and subsequent contempt motion).  This is the critical fact that the Court did not address at the injunction hearing, and is established by the new evidence.

Given the declarations from Defendant and John Doe that unequivocally establish Defendant did not have control over the YouTube channel or social media -- the subject of the preliminary injunction and the application of a lesser standard to Plaintiff's evidence-- reconsideration is appropriate and warranted.

## II. PLAINTIFFS STILL BORE THE BURDEN TO ESTABLISH THE RIGHT TO A PRELIMINARY INJUNCTION.

Plaintiffs suggest that evidentiary burden was shifted because the Court issued an Order to Show Cause.  However, a show cause order bringing the parties before the Court on a preliminary injunction is, essentially, a notice of hearing on the movant's motion—it does not shift the initial burden of production from the movant seeking injunctive relief.  *See, e.g.*, *McKinniss v. PNC Mortg. Co.*, No. CV155232FMOAJWX, 2015 WL 12646489, at *1 (C.D. Cal. Sept. 23, 2015) (following show cause order, recognizing plaintiff's evidentiary burden and denying request for injunction); *Keep a Breast Found. v. Seven Grp.*, No. 11-CV-00570 BEN WMC, 2011 WL 2940290, at *2 (S.D. Cal. July 19, 2011) (same).

## III. DEFENDANT'S REQUEST FOR RECONSIDERATION IS NOT A MERE REHASH OF PRIOR ARGUMENTS.

A preliminary injunction is an extraordinary remedy, and should not be granted or maintained lightly.  Defendant believes the injunction was entered on incorrect evidence and applying an incorrect standard, and has now supplied the appropriate

3
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

128630889.2

evidence to allow the Court to determine if the full scope of the injunction is warranted or necessary.

In this way, the request for reconsideration is more like a motion to dissolve or modify the injunction based on a more complete evidentiary record.  Certainly, some of the underlying facts and legal bases Defendant, initially, asserted in his opposition have carried over—but that does not make the underlying basis for reconsideration a mere rehash of those arguments.  Rather, it is a reiteration of the legal reasons to reconsider the propriety of the injunction *in light of the additional evidence and under the higher legal standard for a mandatory injunction*.

## IV. DEFENDANT'S REQUEST FOR FEES SHOULD BE DENIED.

Finally, Defendant requests that they be awarded fees for responding to this motion (in a punitive amount that exceeds even a small trial simply for drafting a 14-page response). The Court should not grant fees even if it declines to reconsider the injunction ruling.  As explained above, Defendant reasonably sought reconsideration of the Court' ruling with new evidence that fundamentally undermines one basis for the preliminary injunction and an indication that the Court applied the incorrect standard—after the Court suggested that such "may be a basis for reconsideration."

On these facts, the motion was not "[un]warranted by law," nor brought in bad faith nor recklessly, as suggested by Plaintiffs.  (Doc. 92 at p. 14).  The filing of the motion also did not needlessly duplicate the proceedings—in fact, if anything, the reconsideration motion is intended to eliminate unnecessary motions based on conduct of third parties that Defendant cannot control.  For example, the entire motion for contempt could have been avoided because the instant motion shows that Defendant did not control the public posting of the videos in July 2021 or in November 2021.

After being forced to respond to three different ever-evolving pleadings, numerous ex-parte motions, and a motion for contempt that could have been entirely avoided had Plaintiffs identified what they believed to be violating the injunction,

Defendant has no desire or intent to file unwarranted or unnecessary motions. The motion for reconsideration is neither.

## CONCLUSION

For the foregoing reasons, the reasons asserted in Defendant's motion and opening brief, and reasons to be discussed at the hearing in this matter, Defendant respectfully requests that the Motion for Reconsideration be granted.

Dated:  December 7, 2021    Respectfully submitted,

**FOX ROTHSCHILD LLP**

 */s/ Ernest Edward Badway*
ERNEST EDWARD BADWAY

Attorneys for Defendant