UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-10713-MWF (RAOx) | Date: | January 6, 2022 |
| Title: | Jane Doe No. 1 et al v. Daniel S. Fitzgerald | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFFS' MOTION FOR CONTEMPT [89]

Before the Court is Plaintiffs' Motion for Contempt (the "Motion"), filed on November 19, 2021. (Docket No. 89). Defendant Fitzgerald filed an Opposition on December 7, 2021. (Docket No. 106). Plaintiffs filed a Reply on December 15, 2021. (Docket No. 118). A hearing was held on December 20, 2021.

For the reasons stated below, the Motion is **DENIED**. Because Plaintiffs waited until November 17, 2021 to post their security bond, the Preliminary Injunction was not effective on November 9, 2021 when the offending video was published. Plaintiffs also fail to establish by clear and convincing evidence that Defendant caused the video to be published.

## I.   BACKGROUND

On October 28, 2021, the Court issued a Preliminary Injunction that, among other things, required Defendant to remove harassing videos posted to YouTube and further enjoined Defendant from directly or indirectly making any harassing or threatening communications to anyone directly connected with this lawsuit, including but not limited to Jane Doe Nos. 1-10, or any lawyers representing Jane Doe Nos. 1-10. (Preliminary Injunction (Docket No. 73)).

The Court also directed Plaintiffs to file a bond of $1,000 as security for the entry of the Preliminary Injunction. (Order Re: Motion for Preliminary Injunction at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10713-MWF (RAOx)　　　　　Date:  January 6, 2022
Title:　　Jane Doe No. 1 et al v. Daniel S. Fitzgerald

14 (Docket No. 72)).  Plaintiffs filed the bond on November 17, 2021, nearly three weeks after the Court's Order.  (Docket No. 83).

On November 9, 2021, a new video was posted to the same YouTube channel as before (the "November 9 Video").  (Motion at 9).  In many ways, the November 9 video was similar to the previous video that this Court ordered to be removed for its harassing content.  (*Id*.)  The November 9 Video was only viewable for a short period, and it is no longer accessible to the public.  (Opp. at 4).

Defendant's Opposition included a declaration from a third-party journalist and film-editor who took responsibility for posting the November 9 Video.  (John Doe Decl., ¶¶ 2, 11).  The declaration attests that the journalist uploaded the November 9 Video to YouTube for storage purposes, but the video was inadvertently made public because the journalist "forgot to 'uncheck' the public access field."  (*Id*., ¶ 14).

Plaintiffs submit the pending Motion on grounds that the November 9 Video violated the Court's Preliminary Injunction Order.

II.　**LEGAL STANDARD**

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig*., 10 F.3d 693, 695 (9th Cir.1993)).

For issuance of a contempt order, the movant must establish "(1) that [the contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence."  *Lab./Cmty. Strategy Ctr. v. Los Angeles Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009).  "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)      **Date:** January 6, 2022
**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

evidence,' not merely a preponderance of the evidence." *Cetacean Research*, 774 F.3d at 945.

"Civil contempt 'should not be resorted to where there is [a] fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (quoting *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)).

## III. DISCUSSION

The Motion for Contempt fails on two independent grounds. First, the Preliminary Injunction was not effective until Plaintiffs posted the $1,000 security bond ordered by the Court. Here, the offending video was published on November 9, 2021 and removed shortly thereafter – but Plaintiffs waited until November 17, 2021 to post their security bond that effectuated the Preliminary Injunction. Second, Plaintiffs fail to establish, by clear and convincing evidence, that Defendant caused the November 9 Video to be published.

### A. The Preliminary Injunction Was Not Effective on November 9, 2021

Rule 65 governs the issuance of injunctions and restraining orders. *See* Fed. R. Civ. P. 65. As to the posting of a security bond, the rule states:

> The court may issue a preliminary injunction or a temporary restraining order ***only if*** the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

Fed. R. Civ. P. 65(c) (emphasis added).

The Court ordered Plaintiffs to post a $1,000 bond to secure the issuance of the Preliminary Injunction. (Docket No. 72 at 14). Plaintiffs posted the bond on November 17, 2021, more than a week after the November 9 Video was posted and removed. (Docket No. 83). Defendant argues that Plaintiffs' delay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** January 6, 2022
**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

in submitting the bond delayed the effectiveness of the Preliminary Injunction. The Court agrees.

The Court has wide discretion in setting the bond amount and may even waive the bond requirement if there is no realistic likelihood that the injunction will harm the enjoined party. *Id.* (citing *Johnson v. Courturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). As Defendant correctly states, the Court has wide discretion to determine *if* a security bond is required, but once the Court find that a bond *is* required, the injunction will not take effect until the bond is posted. (Opp. at 7).

This conclusion is supported by the purpose of the security bond and the plain language of Rule 65(c). First, the bond requirement serves two purposes: (1) to create a fund to make whole a party wrongly enjoined and (2) to provide an efficient means of recovery for such a party. *C.C. by & through Ciriacks v. Cypress Sch. Dist.*, No. SACV11352AGRNBX, 2011 WL 13131236, at *2 (C.D. Cal. Aug. 22, 2011).

Second, the plain language of Rule 65(c) is mandatory. Once the Court determines that a bond is required, the court may issue an injunction order "***only if*** the movant gives security in an amount that the court considers proper. . . ." Fed. R. Civ. P. 65(c) (emphasis added).

Plaintiffs argue that the injunction could be effective without posting a bond, but the cases Plaintiffs cite in support stand for the general proposition that courts have discretion to waive the bond requirement altogether. *See e.g.*, *Scholle Corp. v. Rapak LLC*, No. 13 C 3976, 2014 WL 3687734, at *2 (N.D. Ill. July 24, 2014) (explaining that under appropriate circumstances bond may be excused); *Wayne Chemical, Inc. v. Columbus Agency Services Corp.*, 567 F.2d 692, 701 (7th Cir. 1977) (same). At the hearing, Plaintiffs acknowledged that no case law is directly on point to the situation here, where the Court determined that a security bond is required, and the movant failed to post such bond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10713-MWF (RAOx)      Date:  January 6, 2022
Title:    Jane Doe No. 1 et al v. Daniel S. Fitzgerald

Plaintiffs further argue that the delay in posting the bond was imposed by the bond company and due to no fault of Plaintiffs. (Reply at 16). Apparently the bond company delayed the issuance of the bond because it took time to determine how the application could be completed while maintaining Plaintiffs' anonymity. (Deborah S. Dixon Decl., ¶ 4). But this extra precaution was imposed by no one other than Plaintiffs.

The Court permitted Plaintiffs to proceed under Jane Doe pseudonyms throughout pretrial proceedings and has further enjoined Defendant from publicly circulating the identity of Plaintiffs. Further, the Court has sealed all documents bearing the names of any Plaintiff. Other than proceeding with an abundance of caution, it is unclear to the Court why Plaintiffs felt it was necessary to obtain security bonds anonymously. Indeed, the Court could have sealed any documents bearing Plaintiffs names as it has consistently done throughout this litigation.

### B. Proving Defendant's Violation by Clear and Convincing Evidence

To hold Defendant in civil contempt, Plaintiffs must establish (1) that Defendant violated the Court's Preliminary Injunction Order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the Order, (4) by clear and convincing evidence. *Lab./Cmty. Strategy*, 564 F.3d at 1123.

Clear and convincing evidence is "evidence indicating that the thing to be proved is highly probable or reasonably certain." EVIDENCE, Black's Law Dictionary (11th ed. 2019). Critically here, Plaintiffs must establish that it is highly probable or reasonably certain that ***Defendant*** violated the Court's Preliminary Injunction Order.

The thrust of Plaintiffs' argument is that the November 9 Video was substantially similar to the harassing videos that prompted the Preliminary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-10713-MWF (RAOx) | **Date:** January 6, 2022 |
| **Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald | |

Injunction in the first place; therefore, Defendant must have caused the November 9 Video to be posted as well. (Motion at 15).

But Defendant convincingly argues that he did not have the ability to post the November 9 Video because a third-party journalist, not Defendant, had autonomy over the YouTube channel to which it was posted. (Opp. at 6). Moreover, the journalist's claim that the video was posted accidentally is a plausible theory. The Court agrees that Defendant cannot be held in contempt for the inadvertent posting of a video, by a third party, that was posted without Defendant's knowledge.

As explained at the hearing, the Court's decision is not an exoneration of Defendant's involvement, as the Court believes he may have at least been aware of the November 9 Video. However, Plaintiffs have not established, by clear and convincing evidence, that Defendant caused the November 9 Video to be posted in violation of the Court's Preliminary Injunction Order.

Accordingly, Plaintiffs' Motion for Contempt is **DENIED**.

IT IS SO ORDERED.