UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 20-10713-MWF (RAOx)          Date:  January 6, 2022**
Title:     Jane Doe No. 1 et al v. Daniel S. Fitzgerald

Present:   <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge</u>

|  | Deputy Clerk: | Court Reporter: |
|--|---------------|-----------------|
|  | Rita Sanchez | Not Reported |

|  | Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|--|----------------------------------|-----------------------------------|
|  | None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING DEFENDANT'S MOTION FOR
                                  RECONSIDERATION [76]

Before the Court is Defendant Daniel Fitzgerald's Motion for Reconsideration (the "Motion"), filed on November 5, 2021.  (Docket No. 76).  The Motion seeks reconsideration of the Order Re: Plaintiffs' Motion for a Protective Order, dated October 12, 2021 (Docket No. 67) and the Order Re: Plaintiffs' Motion for a Preliminary Injunction, dated October 28, 2021 (Docket No. 72).  The Preliminary Injunction (Docket No. 73) issued on October 28, 2021.

Plaintiffs filed an Opposition on November 22, 2021.  (Docket No. 92).  Defendant filed a Reply on December 8, 2021.  (Docket No. 109).  A hearing was held on December 20, 2021.

For the reasons stated below, the Motion is **DENIED**.  Defendant fails to satisfy Local Rule 7-18 because the evidence and law he submits with his Motion could have been known in the exercise of reasonable diligence before the Court granted Plaintiffs' Motion for Leave to Proceed Anonymously and before the Court issued its Preliminary Injunction Order.  And even if Defendant's evidence had been timely submitted, the Injunction would still be proper because it is narrowly tailored and necessary to protect Plaintiffs from Defendant's conduct.  In other words, the Motion is denied on both procedural and substantive grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** **CV 20-10713-MWF (RAOx)**          **Date:** **January 6, 2022**

Title:     Jane Doe No. 1 et al v. Daniel S. Fitzgerald

## I.     **BACKGROUND**

On October 7, 2021, Plaintiffs filed (1) a Motion for Leave to Proceed Anonymously and for Protective Order (Docket No. 57), and (2) an Ex Parte Application for a Temporary Restraining Order and Preliminary Injunction. (Docket No. 58). Plaintiffs sought relief because Defendant allegedly made public attacks on the character and credibility of the only three Plaintiffs whose identities were revealed to him, and he also publicly attacked Plaintiffs' counsel for their participation in this action. (*Id*.) Specifically, Plaintiffs alleged and submitted persuasive evidence in support that Defendant assisted with the creation of YouTube videos, social media accounts, and paper flyers that were designed to harass and threaten Plaintiffs and their counsel for bringing claims against him. Defendant also approached one Plaintiff and her family in Cabo, Mexico, which resulted in verbal altercations.

On October 12, 2021, the Court issued an Order that partially granted Plaintiffs' two requests. (Docket No. 67). First, Plaintiffs' request to proceed anonymously under pseudonyms was granted, but only for the duration of pretrial proceedings. Second, the Court concluded that Plaintiffs made a nonfrivolous request for a preliminary injunction; however, the condensed TRO timeline was unnecessary because the conduct at issue happened months prior. Therefore, the Court ordered Defendant to show cause why a preliminary injunction should not be issued against him, and the Court allowed Defendant six additional days to craft his response.

Defendant submitted his response on October 18, 2021. (Docket No. 68). Notably, Defendant's response failed to dispute his part in the creation of the harassing videos, social media posts, or flyers that prompted Plaintiffs to seek relief. The parties then had an opportunity to argue their positions at a video teleconference hearing on October 26, 2021. (Docket No. 71).

At the hearing, Defendant's counsel argued that Plaintiffs failed to present direct evidence that connected Defendant to the offending videos and social media accounts, and on those grounds an injunction would be improper. But as the Court explained, Plaintiffs presented sufficient circumstantial evidence to support a finding that

---

**CIVIL MINUTES—GENERAL**                                         2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 20-10713-MWF (RAOx)**          **Date:  January 6, 2022**
Title:      Jane Doe No. 1 et al v. Daniel S. Fitzgerald

Defendant was connected to the harassing conduct, and Defendant's in-person verbal assault on one Plaintiff and her family in Mexico remained undisputed.  Furthermore, Defendant failed to submit any contradicting evidence – not even a declaration.  This lack of evidence supported the Court's finding that Defendant was involved in the making of the harassing content.  (Docket No. 71).

Defendant's counsel concluded the hearing by stating, "what I think we can do in a motion for reconsideration is layout for the Court why there is no harassment there, and [Defendant] has no connection to the videos."  (*Id.*)  This Court noted Defendant was free to bring a motion for reconsideration, but such a motion would have to meet the high standard necessary under the case law (*id.*), which in essence is summarized in the requirements of Local Rule 7-18.

On October 28, 2021, the Court issued the Preliminary Injunction Order, in which the Court explained why an injunction was justified and did not run afoul of the First Amendment.  The actual Preliminary Injunction enjoined Defendant from (1) publishing, posting, or otherwise publicly circulating information that personally identifies Plaintiffs, either by name or description; (2) directly or indirectly making any harassing or threatening communications to anyone directly connected with this lawsuit, including but not limited to Jane Doe Nos. 1-10, or any lawyers representing Jane Doe Nos. 1-10; and (3) maintaining less than 100 feet of physical distance between himself and any Jane Doe, except during a court hearing, deposition, mediation, or other event in this litigation. (Preliminary Injunction at 2–3).  Defendant was also ordered to remove the harassing videos and social media content previously posted online.  (*Id.*)

Defendant submitted this Motion on November 5, 2021, asking the Court to reconsider both its order granting leave for Plaintiffs to proceed anonymously and the issuance of the Injunction.  In support of the Motion, Defendant submitted a declaration that, among other things, disclaimed his involvement in the creation or posting of the harassing online content.  (Fitzgerald Decl. (Docket No. 78-1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10713-MWF (RAOx)                    Date:  January 6, 2022
Title:      Jane Doe No. 1 et al v. Daniel S. Fitzgerald

However, on November 19, 2021, Plaintiffs submitted a Motion for Contempt on grounds that Defendant violated the Court's Preliminary Injunction Order by posting yet another online video that was created to harass and intimidate Plaintiffs and their counsel.  (Motion for Contempt (Docket No. 89)).  In support of the Motion for Contempt, Plaintiffs submitted a declaration from Steven Powers, a putative long-time friend of Defendant.  (Powers Decl. (Docket No. 90-1)).

The Powers declaration is relevant to Plaintiffs' Motion for Contempt.  But the declaration also attached putatively direct communications from Defendant that connect him to the creation of the harassing online content that was initially posted in July 2021.  (*Id*.)

For example, Powers declares that, on June 24, 2021, Defendant emailed Powers asking him to update his contact information so that he could "send [Powers] the nice ***videos we're making***."  (*Id*.; Ex. A) (emphasis added).  The next day Defendant followed up to ask "[d]o you have any more good information or any evidence we can use to build this case better and **to *build this video better***."  (*Id*.) (emphasis added).  Defendant then ***sent Powers rough draft video segments*** that were later combined to create the original video.  (*Id*.; Ex. B).  Powers also attests that in July 2021 he directly asked Defendant if he was responsible for the original videos posted online.  Defendant responded, "***no one can prove I was involved***."  (Powers Decl. ¶ 14)

## II.    **LEGAL STANDARD**

Local Rule 7-18 sets the standard for reconsidering an order on any motion or application.  A motion for reconsideration

> may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 20-10713-MWF (RAOx)**          **Date:  January 6, 2022**
Title:     Jane Doe No. 1 et al v. Daniel S. Fitzgerald

presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

Local Rule 7-18.

"Local Rule 7-18 is strict for good reason. It protects the courts against attempts by parties to restyle, reargue, or rehash stale issues when they simply disagree with the Court's conclusions."  *Neely v. JP Morgan Chase Bank, N.A.*, No. SACV 16-01924 AG (KESx), 2018 WL 6003562, at *2 (C.D. Cal. Aug. 17, 2018).

## III.   **DISCUSSION**

### A. **Plaintiffs' Leave to Proceed Anonymously**

On October 12, 2021, the Court granted Plaintiffs leave to proceed anonymously under "Jane Doe" pseudonyms throughout pretrial proceedings in order to protect the identities of alleged sexual assault victims.  (Docket No. 67).  Defendant, however, will learn the identities of all Jane Does at the commencement of discovery, subject to a protective order.  (Docket No. 57 at 11).

Nonetheless, Defendant asks the Court to reconsider its Order granting all Plaintiffs anonymity based on Jane Doe No. 5's publication of her involvement in the lawsuit to her Instagram followers.   (Motion at 4).  Defendant argues that, because the Court treated the Motion for Leave to Proceed Anonymously in conjunction with Plaintiffs' TRO Application, Defendant was deprived of an opportunity to present his opposition to the Motion for Leave.

Defendant has waived his opportunity to present an opposition and the reconsideration request also runs afoul of Local Rule 7-18.  ***First***, "[a]bsent good cause

---

**CIVIL MINUTES—GENERAL**                                    **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-10713-MWF (RAOx)            Date:  January 6, 2022**

Title:      Jane Doe No. 1 et al v. Daniel S. Fitzgerald

shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." Local Rule 7-18. The Order granting anonymity was issued on October 12, 2021, but Defendant waited until November 5, 2021 to ask for reconsideration. Therefore, Defendant's delay waived his opportunity to present his opposition. Moreover, the Motion fails to even attempt a good cause explanation that would justify Defendant's delay.

*Second*, the rule states that an order may "only" be reconsidered if there is a material difference in fact or law that, in the exercise of reasonable diligence, could not have been known to the moving party at the time the Order was entered. Local Rule 7-18. Defendant does not provide an exact date upon which Jane Doe No. 5 publicly announced her involvement in the suit, but given the context of the related posts, the Court believes the announcement was made in summer of 2021 – months before the Court issued its Order permitting Plaintiffs to proceed anonymously. Therefore, Defendant knew or could have known that Jane Doe No. 5 publicized her involvement in the lawsuit prior to the Court's Order, but Defendant failed to raise this argument until now.

Therefore, as to overturning Plaintiffs' anonymity, the Motion is **DENIED**. As the Court's Order clearly states, "[w]hether pseudonyms will be used at trial will be determined at the Final Pretrial Conference." (Order Re: Plaintiffs' Motion for a Protective Order). Defendant may re-raise his arguments at the Final Pretrial Conference, but the issue is not appropriate for reconsideration at this time.

## B.  The Preliminary Injunction

Defendant next argues that the issuance of the Preliminary Injunction should be reconsidered because there is a material difference in the facts considered by the Court on Plaintiffs' initial motion and the facts alleged in Defendant's Motion for Reconsideration. As Defendant explains, "[s]ince the Court found that Plaintiffs' evidence was not controverted, Defendant now submits his declaration and associated evidence with this motion. . . ." (Motion at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-10713-MWF (RAOx)               **Date:  January 6, 2022**
Title:     Jane Doe No. 1 et al v. Daniel S. Fitzgerald

Defendant's declaration asserts that he "did not create the YouTube videos," that he "[does] not have the ability to take down these videos," that he "did not create the content contained on the Instagram pages," and that he "does not have the ability to take down the content posted on these social media accounts." (Fitzgerald Decl., ¶¶ 4–6). Since the filing of the declaration, however, the Court has been presented with evidence that directly connects Defendant to the creation of the videos. (*See generally* Powers Decl.).

Procedurally, Defendant fails to explain how, in the exercise of reasonable diligence, he was unable to submit his declaration and associated evidence at the time the Injunction was entered. Defendant simply misjudged the persuasive force of Plaintiffs' evidence, even if to a degree circumstantial. Defendant's attempt to submit his declaration now is an obvious violation of Local Rule 7-18, and the Court will not reconsider the Injunction on these grounds.

On the merits, moreover, the Fitzgerald Declaration is not enough to warrant reconsideration. It appears that the Declaration is artfully written to deny his direct and personal creation of the videos. Defendant attempts to draw a distinction between orchestrating and assisting with the creation of the online content and actually pressing the keys required to finalize or publish the content. For example, Defendant states under oath that he "did not create the YouTube videos" but does not testify what "create" means to him.

In that sense, the Powers Declaration, true or not, is a useful tool with which to analyze the Fitzgerald Declaration. According to Powers, Defendant was an active participant in the creation of the videos. (Powers Decl., ¶¶ 8–10). For example, Powers declares that he received an email from Defendant with the various video segments that were subsequently combined to create the final product. (Powers Decl., ¶ 9).

The Court does not blindly accept the truth of the Powers Declaration, and if all this evidence had been presented at the time of the hearing on the preliminary injunction, then the Court likely would have held an evidentiary hearing on the truth of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10713-MWF (RAOx)              Date:  January 6, 2022
Title:      Jane Doe No. 1 et al v. Daniel S. Fitzgerald

the various allegations.  On a motion for reconsideration, however, the mere existence of the Powers Declaration indicates that Defendant's "new" evidence is less material than it seems.  Accordingly, the Court does not view the situation now as materially different.  Plaintiffs have made highly plausible allegations of harassment that Defendant does not really rebut.

Defendant also argues, for the first time in his Reply, that the Court applied an incorrect standard under the likelihood of success prong of its preliminary injunction analysis.  (Reply at 1).  Defendant argues that, to receive a mandatory injunction, Plaintiffs must show more than just a likelihood of success, but that the facts and law "clearly favor" them.  (*Id.*) (citing *Garcia v. Google, Inc*., 786 F.3d 733, 740 (9th Cir. 2015) (en banc)).  Defendant's failure to assert any contradicting evidence would suffice even under this more heightened standard.  And, of course, Defendant was free to make this argument at the time of the hearing.  Therefore, both procedurally and substantively this putative mistake of law is not a ground for reconsideration.

The Court has a final practical reason to denying this Motion.  Some preliminary injunctions go directly to the guts of the case and are tantamount to an abrupt summary judgment motion.  That is hardly the case here.  Fitzgerald is simply being told that he has to act like a reasonable litigant.  The Order enjoins Defendant from harassing or threatening Plaintiffs and their counsel, enjoins Defendant from physically approaching Plaintiffs and their counsel unless connected with a litigation event, enjoins Defendant from *publicly* circulating the names of Plaintiffs, and requires Defendant to remove online content that was already deemed to have harassed and threatened Plaintiffs and their counsel.  Any litigant respectful of the litigation process – any decent person – would have no interest in performing any of the prohibited conduct.

Accordingly, the Motion for Reconsideration as to the Preliminary Injunction is **DENIED** on both procedural and substantive grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10713-MWF (RAOx)                 Date:  January 6, 2022
Title:      Jane Doe No. 1 et al v. Daniel S. Fitzgerald

### C. **Plaintiffs' Request for Fees**

In their Opposition, Plaintiffs request that Defendant be ordered to reimburse them for fees and costs incurred in responding to a "baseless" motion.  (Opp. at 13).  After obtaining the direct communications from Powers, which seem to upend Defendant's declaration, Plaintiffs asked Defendant whether he would be withdrawing this Motion. (Gutzler Declaration (Docket No. 92-1)).  Defendant did not respond.

But in his Reply, Defendant quotes the Court to defend the purpose behind his Motion.  (Reply at 1).  At the preliminary injunction hearing, the Court stated that "the standard is high under Ninth Circuit law and the local rules, but nonetheless, [submitting evidence] may be a basis for reconsideration."  (*Id.*)  The Court's statement merely directed Defendant to Ninth Circuit law and the local rules – this was not a free pass to file a Motion that is directly violative of Local Rule 7-18.

Plaintiffs' request for fees is not frivolous.  Defendant submitted a motion with no support under Local Rule 7-18 and did not withdraw the motion when invited to do so.  However, given the voluminous history of motions filed between the parties, the Court does not find an award of fees appropriate here.

In addition, Plaintiffs' request for $60,525.50 serves as an independent basis to deny the request.  Plaintiffs submit that it required in total more than 80 hours of attorney time to file a 14-page opposition to a supposedly baseless motion.  The Court will not entertain such a patently unreasonable request.  The Court cannot be forced to examine the billing to determine what amount of fees would have been reasonable.

Accordingly, the request for fees is **DENIED.**

IT IS SO ORDERED.