

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 19, 2022

```
FILED
CLERK, U.S. DISTRICT COURT
10/19/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: smom   DEPUTY
```

**By ECF and Email**

The Honorable Michael W. Fitzgerald
United States District Judge
Central District of California
First Street Courthouse
350 West First Street
Los Angeles, California 90012

    RE:   *Jane Does No. 1, et al. v. Daniel W. Fitzgerald*, 20 Civ. 10713 (MWF)

Dear Judge Fitzgerald:

    The United States Attorney's Office for the Southern District of New York (hereinafter, "this Office" or "USAO-SDNY") respectfully moves, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, for intervention as of right in this civil action and, pursuant to Title 18, United States Code, Section 1595(b)(1), for a mandatory stay of these proceedings. As explained herein, through Section 1595(b)(1), Congress expressly provided for a mandatory stay of sex trafficking and related claims where, as here, there is an ongoing criminal action relating to the same alleged conduct.

## Relevant Background

    The plaintiffs in this case have alleged a cause of action under the federal sex trafficking statutes, 18 U.S.C. §§ 1591, *et seq.*, and other state and foreign laws, arising from the defendant Daniel W. Fitzgerald's rape, sexual assault, and trafficking of women, and his conspiring with Peter Nygard and others to do the same, in California and elsewhere. The Amended Fourth Amended Complaint (the "Complaint") alleges that Fitzgerald trafficked certain plaintiffs (plaintiffs Jane Doe Nos. 1-4 and 7-9) as part of a conspiracy with Nygard, and other plaintiffs as part of his own sex trafficking venture (collectively, the "Plaintiffs"). (*See* Dkt. 177 ("Compl.") ¶¶ 3-4). On or about September 28, 2022, this Court issued an Order setting a trial date in the matter, and scheduling deadlines for discovery and trial

preparation. (Dkt. 206). Pursuant to the Court's Order, discovery is scheduled to be complete by December 15, 2023.

In or about December 2020, a grand jury sitting in the Southern District of New York charged Peter Nygard in a nine-count Indictment with racketeering, sex trafficking, and Mann Act offenses, including violations of 18 U.S.C. §§ 1591 and 1594. *See United States v. Peter Nygard*, 20 Cr. 624 (PGG) (the "Nygard Indictment"). As alleged in the Nygard Indictment, Nygard engaged in a decades-long scheme to use the corporate entities he controlled to facilitate his sexual exploitation of dozens of adult and minor victims (collectively, the "Nygard Victims"), and conspired with others to do the same. On December 14, 2020, Nygard was arrested in Canada and is currently detained pending extradition to the United States. Accordingly, Nygard has not yet entered an appearance in the criminal case and the case is being held in abeyance. In addition to the pending charges against Nygard, the USAO-SDNY's investigation into Nygard's co-conspirators is ongoing.

There is significant factual overlap between the allegations in the Complaint and the Nygard Indictment, which is attached as an exhibit to the Complaint. In particular, the Complaint alleges that Fitzgerald conspired with Nygard as part of a "Nygard-Defendant Sex Trafficking Venture," for which the purpose was to "recruit, entice, transport, harbor, and maintain adult and minor-aged female victims for Nygard's sexual gratification," and that Fitzgerald "knowingly participated in, and benefited from, the venture by engaging in commercial sex acts with young women or girls who he knew were being sex trafficked by Nygard and the web of companies he owns and controls." (*See* Compl. ¶¶ 7, 14).

Most significantly, this Office understands from counsel to certain of the Nygard Victims that some of the Nygard Victims are also Plaintiffs in this case. The identities of the Nygard Victims remain non-public. Indeed, as the criminal case against Nygard remains in abeyance pending Nygard's extradition to the United States, this Office has not produced any discovery or witness information to date and therefore does not intend to identify any Nygard Victims, nor provide any information sufficient to allow the Nygard Victims to be identified, as part of this proceeding.

This Office understands that to date, as part of discovery in this civil proceeding, at least some Plaintiffs have been served with discovery requests, seeking, *inter alia*, information and materials relating to Nygard and the "Nygard-Defendant Sex Trafficking Venture."

The Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), authorizes victims of violations of the federal criminal sex trafficking statutes, 18 U.S.C. §§ 1591, *et seq.*, to bring a civil action against the perpetrator(s). Because of the direct relation between the civil cause of action and the federal criminal statutes, the TVPRA also includes a mandatory stay provision requiring that any civil action filed under the TVPRA "<u>shall</u> be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1) (emphasis added). The TVPRA further provides that "'criminal action' includes investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2).

## Argument

### I. This Office Should Be Permitted to Intervene as of Right

Rule 24(a) of the Federal Rules of Civil Procedure permits intervention as of right where the movant files a timely motion and either: (1) the movant "is given an unconditional right to intervene by a federal statue," or (2) the movant shows an interest in the litigation, that its interest may be impaired by the disposition of the action, and that its interest is not adequately protected by the parties to the action. Fed.R.Civ.P. 24(a)(1), 24(a)(2) (internal quotation marks and citation omitted).

The Court should permit the USAO-SDNY to intervene as of right under both of these provisions.

First, implicit in Congress's passage of the TVPRA's mandatory stay provision is its provision to the United States, including the USAO-SDNY, of "an unconditional right to intervene" in related civil litigation, as intervention is the only way for the United States to move for and obtain the stay to which it is statutorily entitled.

Second, the USAO-SDNY clearly has an interest in the civil litigation that may be impaired by the disposition of the action and that is not adequately protected by the parties to the action. This Office's prosecution of Nygard involves, in part, the same factual allegations and federal statutes as those at issue in this lawsuit. In particular, due to the factual overlap between the allegations in the Complaint and the allegations in the Nygard Indictment, including allegations in the Nygard Indictment relating to several of the Plaintiffs, the commencement of discovery in this civil case, including, *inter alia*, depositions and requests for written discovery from the Plaintiffs and other witnesses, would prevent this Office from proceeding

with the criminal action unimpeded. Likewise, because the Plaintiffs' sex trafficking claims in the Complaint are based on federal statutes enforced, first and foremost, by the Department of Justice, the civil litigation involves not only some of the same factual material as the USAO-SDNY's criminal case, but it might also raise issues of law with respect to those federal criminal statutes. Plainly, the USAO-SDNY has a substantial interest that cannot be adequately protected absent its ability to intervene and seek a stay.

Finally, this motion to intervene is timely because discovery requests have only recently been served and discovery has not otherwise begun in the civil action.

For these reasons, this Office should be permitted to intervene as of right, pursuant to Rule 24(a).

## II. A Stay Is Required Under Section 1595(b)(1)

As set forth above, this civil action, which alleges violations of 18 U.S.C. §§ 1591, *et seq.*, has been filed, in part, under the TVPRA, 18 U.S.C. § 1595(a). Section 1595(b)(1) specifically provides that: "Any civil action filed under this section <u>shall be stayed</u> during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1) (emphasis added). "A criminal action includes any investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2).

Congress included the mandatory stay provision in the TVPRA in order to "allay" the concern that a private right of action under TVPRA, such as the Plaintiffs' civil action here, "would 'hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery,' and that 'prosecutions should take priority over civil redress and . . . should be complete prior to going forward with civil suits.'" *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549 (S.D.N.Y. 2012) (quoting H.R. Rep. No. 108–264, pt. 2, at 17 (2003)).

Here, many of the allegations in the Complaint and the Nygard Indictment relate to substantially the same course of conduct; that is, according to the Complaint, the prosecution of Peter Nygard involves, in part, "[certain of] the same occurrence[s] in which [certain of] the claimant[s] [are] the victim[s]". 18 U.S.C. § 1595(b)(1). Furthermore, both actions include allegations of sex trafficking offenses in violation of the federal criminal sex trafficking statutes, 18 U.S.C. §§ 1591, *et seq.*, in connection with a conspiracy between Nygard and others. In light of the factual and statutory overlap, Section 1595(b)(1) requires that the civil action

be stayed pending the resolution of the USAO-SDNY's prosecution. The necessity of such a ruling is underscored by the pending discovery requests in the civil case which seek, *inter alia*, information relating to Nygard and the alleged "Nygard-Defendant Sex Trafficking Venture."

Moreover, a complete stay of the civil action, including the claims of all Plaintiffs alleged under the TVPRA as well as claims alleged under other statutes, is necessary and required by Section 1595(b)(1). *Sharma v. Balwinder*, No. CV 21-00480, 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021) ("The plain language of the statute requires a stay of '[a]ny civil action.' . . . The statute does not limit the stay to particular [parties] or claims."). Here, some of the Plaintiffs are Nygard Victims in the criminal case, while other Plaintiffs may not ultimately be so classified. However, the claims in the Complaint against Fitzgerald are pleaded to encompass both Plaintiffs who were allegedly trafficked by Nygard and those who were not within the same count. For example, Count One, which alleges violations under the TVPRA, relates to Plaintiffs who were allegedly trafficked by Nygard *and* Fitzgerald as well as Plaintiffs who were allegedly trafficked by Fitzgerald only. (Compl. ¶¶ 324-334). As to both sets of victims, Fitzgerald is alleged to have engaged in similar patterns of coercive sexual misconduct. (*See id*. ¶ 53: "Plaintiffs Jane Doe Nos. 1-10's claims arise out of the same series of transactions or occurrences and share common questions of law or fact."). Section 1595(b)(1) does not contemplate attempting to parse these claims. *See Balwinder*, 2021 WL 4865281, at *2 (citing *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 550 (S.D.N.Y. 2012) ("Discovery with respect to those civil defendants not facing criminal charges . . . will frequently overlap significantly with the discovery relating to criminally charged defendants. Thus, the risk of interference with criminal prosecution is fully addressed only by extending the stay to all defendants.")).

Similarly, the interests served by the automatic stay provision in Section 1595 extend to the claims arising from both the TVPRA and from other statutes. *Yannai*, 882 F. Supp. 2d at 550 (Section 1595 requires the stay of "'[a]ny civil action" to which it is applicable; it does not speak of staying particular claims."). That rationale is clearly applicable here, as even the non-TVPRA claims in the Complaint are based in substantial part on the same course of conduct alleged in the Nygard Indictment. Accordingly, a complete stay of this civil action is necessary to preserve this Office's ability to pursue its criminal case and achieve the purposes of Section 1595(b)(1). *Balwinder*, 2021 WL 4865281, at *2 (staying civil action in its entirety, reasoning that "where as here, the statute's language is plain, the sole function of the courts it to enforce it according to its terms." (citation omitted)). *See also Lunkes*, 882 F. Supp. 2d at 550-51 (noting that "other courts that have stayed cases involving

TVPRA claims have consistently taken the view that the stay applies to the whole case rather than to the plaintiff's TVPRA claims alone") (collecting cases); *Ara v. Khan*, No. CV 07-1251 (ARR) (JO), 2007 WL 1726456, at *1 (E.D.N.Y. June 14, 2007) (granting mandatory stay of civil litigation upon receipt of a letter-motion from the government reporting that the government had initiated a criminal investigation into the circumstances and conditions that formed the basis of the plaintiff's lawsuit).

Finally, even if the TVPRA permitted a middle course whereby certain claims as to certain Plaintiffs might proceed, such a parsing of the Complaint would be a practical impossibility. The Complaint alleges, among other things, that Fitzgerald and Nygard jointly victimized plaintiffs through "swaps," that Fitzgerald modeled his "own sex trafficking network and scheme" on Nygard's methods, and that Nygard and Fitzgerald, together with others "used a network of trusted associates, 'girlfriends,' and Nygard Group employees" to recruit and coerce victims. (Compl. ¶¶ 60-68). And, while Jane Doe Nos. 5, 6, and 10 are alleged to be solely victims of Fitzgerald's sex trafficking, the Complaint also alleges that those women attended parties with Nygard and at Nygard's residence. (Compl. ¶¶ 163-64, 192, 245-51). The civil discovery required to adjudicate such claims would thus almost certainly identify Nygard Victims and witnesses in the criminal case and otherwise "hinder" the criminal prosecution of Nygard in a manner the TVPRA was expressly designed to prevent.

### III. A Complete Stay of the Civil Litigation Is Likewise Required in the Interests of Justice

Even if a complete stay of the civil litigation—meaning a stay of all claims by all plaintiffs—were not mandated by the TVPRA, a stay of that scope would otherwise be required in the interests of justice. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Civil proceedings should be stayed in the face of parallel criminal investigations "when the interests of justice . . . require such action." *Sec. and Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) (citations omitted)). *See Fed. Savings and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case."). The overriding public interest in punishing persons responsible for crimes and securing

fair trials for the accused almost always outweighs the interest of a plaintiff in proceeding expeditiously with their civil litigation. *See, e.g.*, *Campbell v. Eastland*, 307 F.2d. 478, 487 (5th Cir. 1962) ("Administrative policy gives priority to the public interest in law enforcement.").

Courts consider several factors in assessing the propriety of staying civil proceedings pending the outcome of related criminal investigations and prosecutions:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

*Dig. Equip. Corp. v. Currie Enter.*, 142 F.R.D. 8, 12 (D. Mass. 1991) (quoting *Arden Way Assoc. v. Boesky*, 660 F. Supp. 1494, 1496-97 (S.D.N.Y. 1987)); s*ee also Campbell v. Eastland*, 307 F.2d. 478, 486 (5th Cir. 1962). These factors mitigate in favor of granting a stay of this civil action as shown below.

*Plaintiffs' Private Interest and Burden*: With respect to the first factor, the Plaintiffs will not be unduly prejudiced because they are not being asked to forego their civil action, but merely to hold it in abeyance so that the criminal case can be completed. Furthermore, there are clear benefits to the civil case if the criminal case is permitted to proceed first. Most important, of course, is that a conviction in a criminal case could form a partial basis of a finding of liability in the civil action – *i.e.*, if the existence of a "Nygard-Defendant Sex Trafficking Venture" is proven in the criminal case, that may suffice to prove its existence, if not Fitzgerald's participation in it, in the civil case. In addition, allowing the criminal matter to proceed first will streamline and focus the issues in the civil case, in that certain issues established during the criminal proceedings that will affect claims and defenses in the civil trial will not have to be re-litigated. *See Twenty First Century Corp.*, 801 F. Supp. at 1011 ("the stay in this action may streamline later civil discovery since transcripts from the criminal case will be available to the civil parties").

*Defendant's Private Interest and Burden*: A stay of this civil action will not result in any undue burden to the defendant. Rather, it is the continuation of civil discovery that may create problems for the defendant. For example, in light of the

fact that the Complaint expressly relies on the factual allegations in the Nygard Indictment and alleges that the defendant was a Nygard co-conspirator, the defendant may well choose to assert his Fifth Amendment privileges against self-incrimination in the civil proceedings. Not only would this development likely interfere with the orderly collection of evidence in the civil case, but it may also "impose undue sanctions or penalties on [the defendant[]]." *Twenty First Century Corp.*, 801 F. Supp. at 1011 (concluding that stay of civil proceedings was appropriate where "invocation of the fifth amendment imposes undue sanctions or penalties on a defendant").

*Public Interest*: The public's interest in the completion of a criminal case outweighs the Plaintiffs' interests in proceeding with their civil action. *Campbell*, 307 F.2d at 487. "Where public policy intervenes, the Rule (of Discovery) should not be applied literally." *United States v. Bridges*, 86 F. Supp. 931, 933 (N.D. Cal. 1949) (internal citation omitted); *see also United States v. Hugo Key and Son, Inc.*, 672 F. Supp. 656, 658 (D.R.I. 1987) (granting stay and crediting prosecutor's concerns that liberal civil discovery rules "would expose the strategy of the prosecution and possibly result in defendant's perjury and manufacturing of evidence"); *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1203 (Fed. Cir. 1987) (noting that the "scope of civil discovery is broad and requires nearly total mutual disclosure of each party's evidence prior to trial," whereas criminal discovery is "highly restricted"); *Twenty First Century Corp.*, 801 F. Supp. at 1009 (criminal defendant should not be permitted to prematurely ascertain through civil discovery the scope and substance of confidential information provided by a cooperating witness).

Therefore, a stay will prevent this civil action from interfering with the USAO-SDNY's criminal case and will eliminate the possibility that information furnished pursuant to the liberal rules of civil procedure will impair the United States' efforts to bring potential criminal wrongdoers to justice.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that the USAO-SDNY's motion to intervene and to stay this civil action be granted. A proposed Order is attached hereto as Exhibit A.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: __/s/_____
Celia Cohen
Jacqueline Kelly
Allison Nichols
Assistant United States Attorneys
(212) 637-2366