Marc J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Plaintiff,
Jane Doe No. 5

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JANE DOE NOS. 1-10,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL S. FITZGERALD,<br><br>Defendant. | Case No. 2:20-CV-10713-MWF (RAOx)<br><br>**RESPONSE TO ORDER TO SHOW CAUSE REGARDING THE U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK'S APPLICATION TO INTERVENE AND FOR A MANDATORY STAY**<br><br>*The Honorable Michael W. Fitzgerald*<br><br>Counterclaim Filed: July 11, 2022<br><br>Trial Date: Not Yet Set |

Plaintiff Jane Doe No. 5 ("JD5") hereby files her response to the U.S. Attorney's Office for the Southern District of New York's Application to Intervene and for a Mandatory Stay (Docket No. 210).

**1.0     Introduction**

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") moved this Court to stay all claims alleged under the Trafficking Victims Protection Reauthorization Act ("TVPRA") as well as claims alleged under other statutes as is necessary and required by 18 U.S.C. § 1595(b)(1).

USAO-SDNY argues that the Peter Nygard Indictment and many of the allegations in the Amended Fourth Amended Complaint (the "Complaint," Docket No. 177) are related to the substantially same course of conduct. (Docket No. 210 at 4). It alleges a stay is mandatory in this case because the overlap between the Complaint and the Nygard Indictment "would 'hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery,' and that 'prosecutions should take priority over civil redress and . . . should be complete prior to going forward with civil suits.'" *Id.* (quoting *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549 (S.D.N.Y. 2012)).

**2.0     Plaintiffs' Claims Should Be Stayed**

JD5 agrees that the stay clearly applies to Plaintiffs' claims. All the Plaintiffs' claims in this case should be tried together. (*See* Docket No. 177). Therefore, JD5 believes it is most likely in the interest of justice and judicial economy that if any of the Plaintiff's claims must be stayed, hers should be as well.

**3.0     The Counterclaims against Jane Doe 5 Should Not Be Stayed**

18 U.S.C. § 1595(b) does not require a stay of Fitzgerald's Counterclaim. (*See* Docket No. 181 ¶¶ 373-434). JD5 cannot articulate a good faith basis for supporting a stay of the Counterclaim against her.

On July 11, 2022, Fitzgerald filed a counterclaim against JD5. The Counterclaim alleges three causes of action: (1) libel per se; (2) libel por [sic] quod; and (3) conspiracy to commit fraud. (Docket No. 181). These allegations center around a trip to Mexico where Fitzgerald sexually assaulted JD5 in July 2020 and social media posts about Fitzgerald. (Docket No. 181 ¶¶ 377-407).

Given that JD5's free speech rights are implicated by the Counterclaim, it is important that she have the ability to exercise these rights by frankly and completely responding to Fitzgerald's Counterclaim in the public record. Section 1595 permits a middle course whereby JD5 can proceed in vindicating her First Amendment Rights because there is little, if any, overlap between the Counterclaim and the USAO-SDNY's criminal proceedings against Nygard. In its Application, USAO-

SDNY does not address the Counterclaim, nor does it request that the Counterclaim be stayed. The cases it cites also do not address whether counterclaims should be stayed under Section 1595.

The Court should pursue a "middle course" and allow the Counterclaim to proceed in the interest of justice. (Docket No. 210 at 6). In determining whether to issue a stay in circumstances like these, the Court "should first consider the extent to which the defendant's fifth amendment rights are implicated" and then consider the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 325. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

USAO-SDNY claims that a "middle course" would not be appropriate here because "such a parsing of the Complaint would be a practical impossibility." (Docket No. 210 at 6). This may be the case for Plaintiffs' claims against Fitzgerald, but there is no overlap between the Counterclaim and the Nygard criminal

proceedings. Thus, there is no implication of Defendant's Fifth Amendment privilege. The Counterclaim centers around a trip to Mexico and messages posted on social media. (Docket No. 177 at ¶¶ 165-189; Docket. No. 181 ¶¶ 377-407) The Counterclaim can be litigated without "complications of civil discovery" impairing the Nygard criminal proceedings. (Docket No. 210 at 4).

Judicial efficiency concerns weigh against the issuance of a stay on the counterclaim. Courts have an "interest in clearing its docket." *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). Moreover, while there is a public interest in prioritizing criminal proceedings over criminal matters, the public also has a compelling and competing interest in the prompt resolution of civil cases. *See Melendres v. Maricopa County,* No. 07-CV-02513-PHX-GMS, 2009 U.S. Dist. LEXIS 75364, at *16 (D. Ariz. Aug. 13, 2009). There is no timeframe on the request to stay by the USAO-SDNY. Given the complications in extradition, the criminal proceedings could extend for another several years. While JD5 recognizes that the unfortunate effect of this may be a stay of her claims, the cloud of Fitzgerald's Counterclaim should not be kept over her while the Department of Justice moves along at federal government speed.

Dated: November 8, 2022.

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265
Alex J. Shepard, NV Bar No. 13582
Randazza Legal Group, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118

Attorneys for Plaintiff,
Jane Doe No. 5

Case No. 2:20-CV-10713-MWF (RAOx)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza
Randazza Legal Group, PLLC