STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 20-10713-MWF (RAOx) | **Date:** December 14, 2022 |
| **Title:** | Jane Doe No. 1 et al v. Daniel S. Fitzgerald | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:            Court Reporter:
Rita Sanchez             Not Reported

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:
None Present                        None Present

**Proceedings (In Chambers):** ORDER GRANTING UNITED STATES ATTORNEY'S OFFICE'S MOTION TO INTERVENE AND TO STAY PROCEEDINGS [210]

Before the Court is the United States Attorney's Office for the Southern District of New York's ("USAO") Motion to Intervene and to Stay Proceedings (the "Motion"), filed on October 19, 2022. (Docket No. 210).

In light of the Motion, this Court ordered the current parties to this action to show cause why the Motion should not be granted (the "OSC"). (Docket No. 214). On November 8, 2022, Plaintiff Jane Doe No. 5 filed a Response to the OSC ("JD5 Response"). (Docket No. 215). On November 10, 2022, Defendant Daniel S. Fitzgerald filed a Response to the OSC ("Fitzgerald Response"). (Docket No. 216). On November 17, 2022, the USAO filed a Reply. (Docket No. 217).

The Court has read and considered the papers and held a hearing on December 12, 2022.

Because there is an overlap between the claimant-victims and conduct at issue in this civil action and the federal criminal case pending against Peter Nygard in the Southern District of New York (the "Nygard Case"), a complete mandatory stay of this action is required pursuant to 18 U.S.C. § 1595(b)(1). Therefore, the Motion is **GRANTED,** and this action is **STAYED** until there is a final adjudication in the Nygard Case.

                                                                                       STAY
                          UNITED STATES DISTRICT COURT
                          CENTRAL DISTRICT OF CALIFORNIA


                             CIVIL MINUTES—GENERAL

Case No.  CV 20-10713-MWF (RAOx)              Date:  December 14, 2022
Title:    Jane Doe No. 1 et al v. Daniel S. Fitzgerald

I.      **BACKGROUND**

   Plaintiffs in this action have alleged claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591, *et seq.*, and other laws, allegedly arising from, among other things, Fitzgerald's trafficking of women, and his conspiring with Peter Nygard and others to do the same, in California and elsewhere.  The Amended Fourth Amended Complaint (the "Complaint") alleges that Fitzgerald trafficked certain Plaintiffs (Plaintiffs Jane Doe Nos. 1-4 and 7-9) as part of a conspiracy with Nygard, and other plaintiffs as part of his own sex trafficking venture.  (*See* Docket. 177 ("Compl.") ¶¶ 3-4).

   In or about December 2020, a grand jury sitting in the Southern District of New York charged Peter Nygard in a nine-count Indictment with racketeering, sex trafficking, and Mann Act offenses, including violations of 18 U.S.C. §§ 1591 and 1594.  (Motion at 2) (referencing *United States v. Peter Nygard*, 20 Cr. 624 (PGG) (the "Nygard Indictment")).  As alleged in the Nygard Indictment, Nygard engaged in a decades-long scheme to use the corporate entities he controlled to facilitate his sexual exploitation of dozens of adult and minor victims and conspired with others to do the same.  (*Id.*).  On December 14, 2020, Nygard was arrested in Canada and is currently detained pending extradition to the United States.  (*Id.*).  Therefore, Nygard has not yet entered an appearance in the criminal action and the action is being held in abeyance.  In addition to the pending charges against Nygard, according to the USAO, investigations into Nygard's co-conspirators are ongoing.  (*Id.*).

   The USAO has been informed by certain of Plaintiffs' counsel that, as part of discovery in this civil action, at least some Plaintiffs have been served with discovery requests, seeking, *inter alia*, information and materials relating to Nygard and the "Nygard-Defendant Sex Trafficking Venture."  (*Id.*).  The USAO notes that while the TVPRA authorizes victims of the sex trafficking statutes to bring a civil action against perpetrators, the TVPRA also includes a mandatory stay provision requiring that any civil action filed under the TVPRA "shall be stayed during the pendency of any

---

**CIVIL MINUTES—GENERAL**                                                        2

STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)        **Date:** December 14, 2022
**Title:**    Jane Doe No. 1 et al v. Daniel S. Fitzgerald

criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1).

Pursuant to the mandatory stay provision and Federal Rule of Civil Procedure 24, the USAO seeks to intervene in this action as of right and asks this Court to issue a complete stay of this civil action during the pendency of the criminal proceedings. (Motion at 4).

In response, Plaintiff Jane Doe No. 5 does not oppose a stay as to her claims but argues that the mandatory stay provision does not require a stay of Fitzgerald's counterclaims against her for (1) libel per se; (2) libel per quod; and (3) conspiracy to commit fraud. (*See* Fitzgerald's Answer and Counterclaims ¶¶ 408-434 (Docket No. 181); *see also* JD5 Response at 3). Jane Doe No. 5 contends that because her free speech rights are implicated by the counterclaims, it is important that she have the ability to timely "frankly and completely respond[]" to the counterclaims in the public record. (JD5 Response at 3). No other Plaintiff filed a response to the Court's OSC.

Defendant Fitzgerald opposes the stay in its entirety, arguing that "there is no evidence showing an identity of plaintiffs or facts to hinder any criminal case." (Fitzgerald Response at 1). Further, Fitzgerald argues that if a stay is granted it should not extend to include any Jane Does not shown by actual evidence, to be alleged victims in a parallel criminal proceeding (including, at least, Plaintiffs Jane Doe Nos. 5, 6, and 10). (*Id.* at 7). Defendant argues that having to "endure additional years without being able to respond to the[] false allegations [in the Complaint] is improper—particularly, where the sole basis for the requested stay is an unrelated criminal proceeding not involving Fitzgerald." (*Id.* at 1).

In response to both Jane Doe No. 5's and Fitzgerald's papers, the USAO argues that "[o]n its face, the statute mandates a stay of any civil action while an overlapping criminal case is pending" and because the mandatory stay provision clearly applies here, a complete stay over the entire action is mandatory. (Reply at 2).

STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10713-MWF (RAOx)                  Date:  December 14, 2022
Title:      Jane Doe No. 1 et al v. Daniel S. Fitzgerald

## II.  DISCUSSION

The USAO seeks to intervene in this action under Federal Rule 24 and seeks a stay under 18 U.S.C. § 1595(b)(1).

### A.  Intervention as of Right

None of the parties to the current action have directly opposed the USAO's motion to intervene.  The Court determines that the USAO is entitled to intervene as of right under Federal Rule 24(a).

Rule 24(a) permits intervention as of right where the movant files a timely motion and either: (1) the movant "is given an unconditional right to intervene by a federal statue," or (2) the movant shows an interest in the litigation, that its interest may be impaired by the disposition of the action, and that its interest is not adequately protected by the parties to the action.  Fed. R. Civ. P. 24(a)(1), 24(a)(2).

The Court agrees with the USAO that intervention is appropriate under either provision.  As noted by the USAO, Congress implicitly granted the USAO a right to intervene by including the mandatory stay provision in the TVPRA, as intervention is the only way for the United States to move for and obtain the stay to which it is statutorily entitled.  (Motion at 3).  Further, the USAO clearly has an interest in the civil litigation that may be impaired by disposition of this action and inadequately protected by the parties.  (*Id.*).

Accordingly, the Court **GRANTS** the Motion to the extent it seeks intervention as of right.

### B.  TVPRA Mandatory Stay Provision

Fitzgerald argues that the mandatory stay provision in the TVPRA does not apply to this action because the Nygard Case does not arise out of the "same occurrence" as the civil complaint, particularly because Fitzgerald is not an indicted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** December 14, 2022
**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

defendant in the Nygard Case. (Fitzgerald Response at 4). Further, Fitzgerald argues that the USAO has failed to make an evidentiary showing that Plaintiffs in this action are the victims in the Nygard Case. (*Id.* at 5). Jane Doe No. 5 argues that any stay should not extend to Fitzgerald's counterclaims against her because "there is no overlap" between Fitzgerald's counterclaims and the Nygard Case. (JD5 Response at 4).

The USAO contends that TVPRA stay provision does not require the civil defendant be named in the parallel criminal proceeding; that the USAO's proffer that there is overlap between the Jane Doe Plaintiffs and the victims in the Nygard Case is all that is required by the statute; and that permitting any subset of claims to go forward would be inconsistent with the statute's plain meaning. The USAO argues that the statute's plain text requires that the entire civil "action" be stayed, and that a complete stay is necessary to serve the legislative purpose of allowing criminal investigations and prosecutions to proceed without hinderance. (Reply at 3-4, 6).

### 1. Whether the USAO Has Established that the TVPRA Stay Provision Applies

The TVPRA provides that "[a]n individual who is a victim of [sexual trafficking] may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in [sexual trafficking])." 18 U.S.C. § 1595(a). The statute, however, also requires that "[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). For purposes of the TVPRA, a "criminal action" includes investigation and prosecution and is pending until final adjudication in the trial court. 18 U.S.C. § 1595(b)(2). The statute requires that "a civil action be stayed if the victim of the criminal action is the same as the claimant in the civil action, and if the conduct underlying both cases arise out of the same occurrence." *Doe v. Mindgeek USA Inc.*, No. SA CV 21-00338-CJC-ADSx, 2021 WL 6618628, at *3.

STAY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** December 14, 2022

**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

---

The USAO contends that some of the victims in the Nygard Case are the same as the plaintiffs in this civil action and that the conduct alleged in the civil Complaint "relates directly to the criminal conduct alleged against Peter Nygard and his co-conspirators in the Nygard Indictment." (Reply at 3). The USAO explains that Fitzgerald is "alleged to have acted as Nygard's co-conspirator in the sex trafficking conduct described in the Nygard Indictment and to have modeled his solo trafficking exploits on that same venture." (*Id.*). Indeed, the civil Complaint appends and extensively quotes the Nygard Indictment. (*Id.* at 4). Therefore, the USAO contends, that "there is no plausible argument that the allegations in the instant case are not 'arising out of the same occurrence in which the claimant[s] [are] the victim[s].'" (*Id.* at 3-4) (citing 18 U.S.C. § 1595(b)(2)).

At the hearing, Jane Doe No. 5's and Fitzgerald's counsel reiterated their contention that there is not a significant "overlap" between this action and the Nygard Case. However, to reiterate, the Defendant in this case is an alleged ***co-conspirator*** with the defendant in the Nygard Case, and the USAO contends that some of the ***Plaintiffs in this case are victims in the Nygard Case***. Those facts alone are sufficient to convince the Court that the mandatory stay provision has been fairly invoked by the USAO.

Fitzgerald argues that the USAO has not made the required evidentiary showing to demonstrate "an identity of 'claimant[-]victims' or the 'conduct at issue.'" (Fitzgerald Response at 5).

Fitzgerald relies on two cases for the proposition that "there must be a baseline evidentiary threshold to warrant the requested stay, establishing the identity of 'victims' and the same 'occurrences' involved in the criminal proceeding." (*Id*. at 6) (citing *Tianming Wang v. Gold Mantis Constr. Decoration (CNMI), LLC*, No. 1:18-CV-0030, 2020 WL 5983939, at *2 (D. N. Mar. I. Oct. 9, 2020); *Cortez-Romero v. Marin J Corp.*, No. 2:20-CV-14058, 2020 WL 3162979, at *1 (S.D. Fla. June 11, 2020). However, in both *Tianming* and *Marin*, it was the ***civil defendant***, not the USAO, seeking a stay. That distinction is significant given the USAO prosecuting a parallel criminal case is inevitably in a better position than any other party to determine

---

STAY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)          **Date:** December 14, 2022
**Title:**     Jane Doe No. 1 et al v. Daniel S. Fitzgerald

whether there is an overlap of claimant-victims and conduct at issue. Indeed, the *Tianming* court noted that it had urged (without success) the civil defendant to contact the USAO to obtain the information it needed to justify the request for a stay. 2020 WL 5983939, at *1. Moreover, in *Marin*, the defendant sought a stay based on an uncharged investigation and the court could not even determine the subject of the investigation based on the proffer of the defendant. 2020 WL 3162979, at *1.

The fact that it is the USAO, rather than the civil defendant, seeking a stay justifies a lower evidentiary burden not only because of the USAO's unique knowledge of the parallel criminal case, but also because of the purpose of the statute. As a case cited by Fitzgerald acknowledges, "courts that considered the legislative history of the TVPRA have held that the mandatory stay provision was designed to protect the DOJ's ability to try criminal cases unfettered by the complications of civil discovery." *Tianming*, 2020 WL 5983939, at *2. The *Tianming* court noted that while courts have granted stays by the motion of the defendant, courts have nonetheless cautioned that the purpose of the stay provision is "not [to] help defendants delay civil actions." *Id.* Therefore, it appears that some courts have required a civil defendant seeking a TVPRA stay to make a threshold evidentiary proffer to demonstrate that the provision applies to ensure the provision was not being improperly used as a delay tactic by the civil defendant. But where, as here, the USAO seeks a stay, there is no similar concern.

Indeed, at least one court has issued a stay in response to a request by the USAO without even allowing responses by the civil parties. *See Ara v. Khan*, No. CV 07-1251 (ARR) (JO, 2007 WL 1726456, at *1 (E.D.N.Y. June 14, 2007) ("The relief the government seeks is mandatory if a criminal investigation is pending, and the government is uniquely competent to provide a conclusive report of that fact. Accordingly, there is nothing that any party to the civil action could say in response to the motion for a stay that would likely change the outcome I now order.").

Fitzgerald insists that the standard must require more than the USAO's "say so," and cites to another case where a district court required a city defendant to make an evidentiary showing that a years-long investigation of the plaintiff warranted a stay of

STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-10713-MWF (RAOx)			Date:  December 14, 2022
Title:	Jane Doe No. 1 et al v. Daniel S. Fitzgerald

a civil case brought by that plaintiff against the city.  (Fitzgerald Response at 3-4) (citing *Klein v. City of Beverly Hills*, No. CV 13-110-JFW (VBKX), 2013 WL 12470381, at *1 (C.D. Cal. Apr. 19, 2013)).  However, *Klein* was not a TVPRA case, and it is particularly inapposite given the city was a defendant to the civil action it wished to stay, and therefore the moving party could have had self-interested intentions in seeking a stay.  Here, the USAO seeks a stay of a civil action to which it has no direct stake, except to the extent that the action may interfere with its criminal prosecution and investigation.  Given the USAO's limited interest in this action, the Court has no reason to question the representations made to the Court by the USAO.

Therefore, the Court concludes that the USAO has sufficiently established that the mandatory, TVPRA-stay provision applies.

### 2. The Proper Scope of the Stay

Neither any party nor the Court has identified binding authority that answers the question of whether the TVPRA-stay provision is limited to particular defendants or claims.  However, every district court to consider the issue has apparently determined that the plain language of the statute requires a stay of "***any*** civil ***action***," and is, therefore not limited to particular defendants or claims.  *See* 18 U.S.C. § 1595(b)(1) (emphasis added)*; see also Sharma v. Balwinder*, No. 21-CV-00480-BLF, 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021) ("[W]here, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms."); *Mindgeek*, 2021 WL 6618628, at *3 ("Section 1591(b) does not contain any limiting language suggesting that it applies only when there is an overlap in defendants in the relevant civil and criminal actions."); *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 548–49 (S.D.N.Y. 2012) (collecting cases noting that a stay under § 1595 extends to a plaintiff's non-TVPRA claims and holding that the stay also must encompass all defendants in a related civil action regardless of whether a particular defendant has been indicted).

As the *Lunkes* court reasoned, "[d]iscovery with respect to those civil defendants not facing criminal charges . . . will frequently overlap significantly with the discovery

STAY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)        **Date:** December 14, 2022

**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

---

relating to criminally charged defendants." 882 F. Supp. 2d at 550. Therefore, "the risk of interference with criminal prosecution is fully addressed only be extending the stay to all defendants." *Id.* Likewise, "discovery with respect to a plaintiff's non-TVPRA claims will commonly overlap with the TVPRA-specific discovery." *Id.* Therefore, courts have read the stay provision broadly to effectuate "the statute's goal of protecting the government's ability to prosecute traffickers criminally." *Id.*

     Jane Doe No. 5 argues that Fitzgerald's counterclaims are limited to allegations relating to a single sexual assault in Mexico. But, in fact, Fitzgerald's allegations are not so limited and clearly refer to relevant aspects of the Nygard Case. (*See, e.g.*, Fitzgerald Answer and Counterclaims, ¶ 399) (referencing statements allegedly made by Jane Doe No. 5 about Fitzgerald being "investigated by the fbi for sex trafficking/rape/sex w minors etc" and that Fitzgerald was attempting to prevent Jane Doe No. 5 from "testifying in the trial.").

     The Court also rejects Fitzgerald's arguments that the stay should not extend to claims brought by Plaintiffs who are not victims in the Nygard Case. As an initial matter, such parsing of claims would inevitably require the USAO to publicly identify the identity of the victims in the Nygard Case. Fitzgerald does not explain how such parsing could possibly be consistent with the provision's purpose of allowing a criminal case to be unfettered by related civil litigation. Furthermore, because Fitzgerald is alleged to have modeled his individual trafficking exploits on Nygard's model, the claims by Plaintiffs who allege only to have been victims of Fitzgerald's trafficking are nonetheless substantially related to the Nygard Case.

     At the hearing, Jane Doe No. 5's and Fitzgerald's counsel reiterated the lack of evidence regarding overlap between the claims and defendant in this action verses the claims and defendant in the Nygard Case. However, as the Assistant U.S. Attorney argued, it would undermine the purposes of the statute if the USAO were to be required to come forward with evidence and defend the stay as to each and every claim and defendant because such a requirement could impede and unduly burden ongoing criminal investigations.

---

**STAY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-10713-MWF (RAOx)        **Date:** December 14, 2022
**Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald

The Court therefore concludes that the stay provision extends to all counterclaims and parties. *See Sharma*, 2021 WL 4865281, at * 2 ("The plain language of [§ 1595] requires a stay of '[a]ny civil ***action***' . . . . The statute does not limit the stay to particular defendants or claims.") (citing 18 U.S.C. § 1595(b)(1)) (emphasis in original).

While the Court acknowledges that Fitzgerald has an interest in promptly clearing his name of the allegations in the Complaint, and that Jane Doe No. 5 has First Amendment interests at stake with respect to the counterclaims against her, as noted by the USAO, applying the typical balancing test under the factors set forth in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) would be "contrary to the statute's clear, broad, and mandatory language." *See Doe v. Athens Cnty.*, No. 2:22-CV-00855, 2022 WL 1569979, at *1 (S.D. Ohio May 18, 2022) (citing *Mindgeek*, 2021 WL 6618628, at *3)). Therefore, the Court concludes that a complete stay is required here given the overlap in the identity between the claimant-victims and the conduct at issue in the civil and criminal actions.

Finally, the Court addresses Fitzgerald's concerns regarding the aging and availability of evidence by ordering all parties to this action to preserve evidence until the proceedings in the civil action resume, as more fully described below.

Accordingly, the stay is **GRANTED**.

**III.**    **CONCLUSION**

The Motion is **GRANTED** as to both the intervention and the stay**.** This action is **STAYED** until there is a final adjudication in the Nygard Case.

All parties to this action are **ORDERED** to preserve and protect all relevant documents, data compilations (including electronically recorded or stored data), and tangible objects in their custody or control, including the custody or control of their subagents. In this context, "relevant" refers to relevance for purposes of discovery,

STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-10713-MWF (RAOx) | **Date:** December 14, 2022 |
| **Title:** Jane Doe No. 1 et al v. Daniel S. Fitzgerald | |

which is "an extremely broad concept." *See Lunkes*, 882 F. Supp. 2d at 551 (implementing a similar protective order after granting at TVPRA stay).

Going forward, as an intervening party, the USAO will be required to make all filings directly on the public docket. The USAO should decide how it wants to present its positions. It may either file its briefs on behalf of the United States of America and act through the Civil Division of the United States Attorney's Office for the Central District of California, as is routinely done with trial attorneys from "Main Justice." Or it may file its briefs as its own entity, in which case the AUSAs should apply for admission *pro hac vice* and designate a Central District AUSA as local counsel.

In either case, the USAO shall file a status report concerning the proceedings in the Nygard Case in this action every six months. If at any time prior to the final adjudication of the Nygard Case the USAO determines that it is no longer necessary to stay this action to protect the integrity of its investigation and prosecution, the USAO shall immediately file a status report in this action to that effect.

At the hearing, Fitzgerald's counsel asked if the Court would consider requiring a status report every three months. The Court declines that invitation given the above instruction requires the USAO immediately notify the Court if and when it determines that a stay is no longer necessary.

IT IS SO ORDERED.